IN THE

# United States District Court
# for the Northern District of California

Robert F. Peckham Federal Building
& United States Courthouse
280 South 1st Street, Room 2112
San Jose, CA 95113
408-535-5363

| | | |
|---|---|---|
| ANDREW U. D. STRAW, | ) | Case No.: 5:22-cv-07718-VKD |
| *Plaintiff,* | ) | |
| | ) | Hon. Virginia K. DeMarchi |
| *v.* | ) | Judge Presiding |
| | ) | |
| LINKEDIN CORP, | ) | EMPLOYMENT DISCRIMINATION, |
| STATE OF INDIANA, & | ) | PROPERTY TAKINGS, |
| G. MICHAEL WITTE, | ) | FIRST AMENDMENT, |
| *Defendant*s. | ) | & CIVIL RICO COMPLAINT |
| | ) | **JURY TRIAL NOT DEMANDED** |

## AMENDED COMPLAINT PER FRCP RULE 15(a)(1)(A) or (B)

I, *plaintiff* Andrew U. D. Straw make this COMPLAINT to obtain justice for

defendant LinkedIn permanently closing my longstanding LinkedIn.com account for

having complained about the illegal acts of my former employer, the Indiana Supreme

Court. Thus, LinkedIn.com took sides against me and caused me permanent injury

to my emotions, my career, and my prospective employment by banning me from

using the many LinkedIn services. Given my former employer, the Indiana Supreme

Court, and its officers and staff took my property in an illegal scheme violating federal

criminal laws and the First Amendment, I now include allegations against the State

of Indiana and Mr. Witte, including a Civil RICO conspiracy, 18 U.S.C. §§ 1341, 1343,

1951, 1961, 1962, & 1964(c) that now includes LinkedIn, and I thus COMPLAIN:

## I.    PRELIMINARY MATTERS

1. I have been granted *In Forma Pauperis* status. **Dkt. 5**

2. LinkedIn was served by the U.S. Marshal on 1/3/2023. **Dkt. 13**

3. LinkedIn's alleged counsel, Mr. Skaggs, filed a motion to dismiss and other documents without first filing an appearance. On that last day, the deadline, he never corrected his error. I have filed a motion for declaratory judgment, a motion to strike Dkts. 15, 16, 16-1, and 17, a motion for clerk's entry of default, and a motion for the court to issue a show cause order under FRCP Rule 11.

4. If the clerk does enter default, all matters so decided should also be considered admitted and decided in this amended complaint. Those motions should be decided before any action is taken on this amended complaint, which is allowed as a matter of course under Rule 15 because the defendant waited until the last day before entering invalid documents, including the motion to dismiss.

5. I waited until the next day, 1/25/2023, to give Mr. Skaggs time to enter an appearance and make necessary motions to correct his errors, but he never did that.

6. With Indiana and its former Disciplinary Commission Executive Director as my new defendants, I now request service by the United States Marshal to the Indiana governor and attorney general and Secretary of State to serve Indiana as well as Mr. G. Michael Witte under FRCP Rule 4(c)(3).

7. Proposed summons forms are filed separately with prefilled names and addresses for the INDIANA GOVERNOR, INDIANA SECRETARY OF

STATE, INDIANA ATTORNEY GENERAL, and Mr. Witte, former executive director of the Indiana Attorney Disciplinary Commission.

8. I am a U.S. citizen physically overseas in the Philippines. My address in the Philippines is Putok Road, Apt. A, Población II, Bauan, Batangas 4201.

9. My email address is: andrew@andrewstraw.com

10. I am an attorney licensed at the U.S. Court of Appeals for the 4th Circuit, active in good standing from 1999-present.

11. There are a number of so-called unindicted co-conspirators, such as Chief Justice of Indiana Loretta Rush and the other justices and hearing officer, but I recognize that they are immune from damages as judges. *Stump v. Sparkman*, 435 U.S. 349 (1978). However, their criminal actions giving rise to civil liability can certainly be described as ***the conspiracy*** unfolded, with Indiana ultimately responsible for that its officers do under color of law but illegally. I sue Indiana and Mr. Witte because they did not act as judges and can be held accountable. Witte mainly acted as **an investigator** or **court policeman** who should have let the matter drop rather than acting wrongly and causing me damage. He had discretion and plenty of time to realize that taking law licenses as a punishment for using the federal courts was crime.

## II.    FACTS

12. This case is about the taking of my 5 law licenses, the conspiracy of criminal acts surrounding this, and LinkedIn's participation by shutting down my ability to comment and speak out against the crimes.

13. LinkedIn's motion to dismiss, while invalid, does show that LinkedIn wishes to align itself with the crimes of Indiana and does not make any effort to disassociate itself and denounce what Indiana did. The liberal sprinkling of the term "frivolous" in that document shows bad faith and an intention to agree with Indiana's crimes, effectively binding LinkedIn even closer to Indiana than it was before. **Dkt. 15**.

14. I am removing 2 Indiana legal actions to this case, these:

15. *Straw v. Indiana*, 53C06-2110-PL-2081 (Monroe Cty. Cir. Ct. #6) (property takings under Fifth & 14th Amendments, plus Ind. Const. Art. 1, Sec. 21)

16. *In re Straw*, 98S01-1601-DI-12, 68 N.E.3d 1070 (Ind. 2/14/2017) (6 year suspension matter)

17. I incorporate by reference the original exhibits of my original complaint by reference. **Dkt. 1-2**.

18. I incorporate by reference and attach as **Exhibits 1 through Exhibit 50** the 50 exhibits in the property takings case in Monroe County, Indiana. These support and explain why the 5 law licenses were taken illegally and should be compensated.

19. I incorporate by reference and attach as **Exhibit 51** the amended complaint in that Monroe County property case. It explains each exhibit, **1 to 50**.

20. I incorporate by reference and attach as **Exhibit 52** the NOTICE of Intention to Remove filed in the Monroe County property case.

21. I incorporate and attach as **Exhibits 53 & 54** the petition and proposed order I filed in the Indiana disciplinary case on 12/16/2022 as reasons why that discipline was void *ab initio*.

22. I incorporate and attach as **Exhibit 55** the NOTICE of Intention to Remove filed in the Indiana discipline case on 1/19/2023.

23. I incorporate the "ban order" of the 7th Circuit from 2021, showing why I am unable to use the federal courts in the 7th Circuit area, where Indiana is located, to remove these 2 state lawsuits to federal court. **Exhibit 56**.

24. I am mentally disabled due to Camp LeJeune poisoning as a child. It is indisputable and adjudicated that I was born at that U.S. Marine Corps base during the toxic water time period, 1969. See:

25. *Straw v. Wilkie*, 20-2090, 843 F. App'x 263 (Fed. Cir. 1/15/2021)

26. Moreover, I am physically disabled from a reckless driver crossing into my lane and hitting me head on as I drove to the Indiana Supreme Court to work. This broke both of my legs, my pelvis, and skull.

27. My mental disabilities include bipolar disorder, *inter alia*. Bipolar is an illness of the emotions, and as such I feel mental and physical pain and frustration to a much greater degree than a normal person.

28. I claim the benefit of "eggshell skull" doctrine to demonstrate my damages using my reality rather than someone else's.

29. I have alleged that Indiana imposed illegal conditions on my license in 2002 and the evidence of this was in a consent agreement, which I placed online at http://consent.andrewstraw.com

30. The Indiana State Board of Law Examiners dropped its conditions in 2006 after I invoked *Tennessee v. Lane*, 541 U.S. 509, 511, 525, 531 (2004), showing that I have prevailed against the Indiana Supreme Court and should have had that status since then. **An ADA victor against a state supreme court.**

31. I have a currently pending petition to restore my Indiana law license, which I claim was illegally suspended as an implementation of that state's ban on all disabled people being lawyers. **Exhibit 53** through **Exhibit 55**. I put Indiana's rule and an explanation of it on my website at http://ban.andrewstraw.com

32. The conversations on LinkedIn were civil rights discussions. They are mild compared to the flames of many others on the Internet, but perhaps sensitive because I am demanding civil and human rights changes from a state supreme court where I used to work and opposing crimes to my person by it.

33. **Dkt. 7-1**, incorporated here by reference, shows the criminal nature of what happened to me couched in civil rights violations as well.

34. See also my 11/21/2022 letter to Senator Whitehouse on this subject. **Exhibit 57**. My struggles are not just mine alone because I am a civil rights leader for people with disabilities. The ABA called me a political advocate for persons with disabilities and made a profile of me on the ABA website:

35. https://www.americanbar.org/groups/diversity/disabilityrights/initiatives_awards/spotlight/straw_a/

36. That spotlight award is for lawyers with disabilities who are an asset to the profession of law. The ABA has been featuring disabled lawyers for many years and I was the featured attorney for January 2014.

37. I am still advocating for the political rights of people with disabilities in Indiana as well as others and was on FOX 59 in Indianapolis and CBS 25 in Evansville on January 23, 2023. I mentioned the Indiana Supreme Court and its taking of my property after I was disabled driving there to work, driving me into poverty:

38. https://fox59.com/news/former-indiana-secretary-of-state-candidate-expresses-ballot-accessibility-concerns/

39. https://www.tristatehomepage.com/news/indiana-news/former-indiana-secretary-of-state-candidate-expresses-ballot-accessibility-concerns/

40. Instead of blocking my ability to watch TV when I complained, which is basically what LinkedIn's actions amount to, these 2 TV stations were very loud in declaring my complaints, amplifying my voice rather than silencing me.

41. I explained to the Indiana property rights court the dedication of my family and myself to constitutional property rights and how these same rights we have **defended for 250 years** are now denied to me precisely because I am disabled serving the courts and the U.S. Marine Corps. **Exhibit 58**.

42. LinkedIn saw that I was criticizing the Indiana Supreme Court and without any hesitation, blocked my ability to log in. I had no idea why that was happening since I do not abuse my account. I do not post commercial spam.

43. Like most of my connections, I have a strong interest in disability human and civil rights and I make very normal comments and posts on those subjects.

44. I have (or had) thousands of connections on LinkedIn.

45. LinkedIn told me (see **Dkt. 1-2**) that I had violated some policy or rule and because I was posting "consent.andrewstraw.com" and "ban.andrewstraw.com" my account was to be **permanently closed** without possibility of review.

46. That stripped me of my connections, built over many years as a LinkedIn user.

47. That stripped me of the ability to fellowship with others of like mind and comment to them about my own struggles.

48. That stripped me of jobs targeted to me and my resume by the LinkedIn system. Before, I could tap a single button and apply to a civil rights job.

49. All of that is gone now.

50. Given the content of consent.andrewstraw.com and ban.andrewstraw.com, it can only be considered an attack on my opposition to ADA violations and crimes, and stifling my career yet again, just like the Indiana Supreme Court did in illegally suspending me.

51. *Straw v. Indiana*, 53C06-2110-PL-2081 (Monroe Cty. Cir. Ct. #6 2022) (5 law licenses taken without compensation in violation of Indiana Bill of Rights, Article 1, Sec. 21)

52. Thus, there are several violations conflated together here.

53. The property rights I demanded in the Monroe County case were denied, saying that I had committed some ethical violation justifying the taking of my property without compensation. *Straw v. Indiana*, 22A-PL-766 (Ind. Ct. App. 2022) (¶¶ 9-12)

54. But, I did not, and the VSB ORDER exonerating me, first in time final, was ignored by Indiana to preclude me having compensation for the taking of law license properties, taken by the Indiana Supreme Court and its staff.

55. LinkedIn had its chance to address the VSB ORDER, but failed to do so in its invalid Dkt. 15.

56. The Indiana Court of Appeals in lying about my suspension, which lasted 6 years so far as of 2/14/2023, aided and abetted the Indiana crimes and made that intermediary court an accessory after the fact.

57. LinkedIn defending Indiana by not allowing me to criticize what has been done to me also was acting as an accessory after the fact.

58. **Exhibit 51** is my amended complaint for property takings, but it provides such a strong explanation of the takings in the context of crime, I incorporate it in full by reference.

### III.   SIGNIFICANCE OF LINKEDIN ATTACK IN CONTEXT

59. My former employer was the Indiana Supreme Court and I served the Chief Justice and every court and judge in the State of Indiana as the judicial branch statistical analyst.  I was disabled driving to that state supreme court to work

and I have experienced court disability discrimination continuously since that car crash in 2001. **Exhibit 51 & Exhibits 1 to 50.** When I complained about ADA violations, the state supreme court began a disciplinary process that imposed nearly **6 years of suspension on me with a 180 day actual suspension**.

60. I did not commit any crime in making my ADA complaints or in attempting to get ADA justice in federal courts. I was accused of no crime. I was accused of no dishonest act. I had no disciplinary history *at all* at that point in Indiana.

61. Further, I had no *bona fide* hearing before I lost my Indiana law license and no federal hearings at all before losing my 4 U.S. District Court licenses. *Straw v. U.S. District Court, et. al.*, 17-2523 (7th Cir. 2017).

62. My mitigating facts, including the lack of crime or any dishonesty and my disabilities from serving the Indiana Supreme Court, were **100% ignored**.

63. My former employer took the bare words of "frivolous" from a handful of federal judges who said those words **with no sanction attached** and then Indiana applied **Rule 3.1** to generate **a long suspension** that dwarfed what the Disciplinary Commission (60 days suspension) and my hearing officer (brief suspension) said was appropriate. **Exhibit 51**.

64. In reality, this Rule 3.1 attack was an end run around the reciprocal discipline rule's limits. It violated federalism and served as collateral attacks so Indiana could get the result it wanted from the federal courts. A court cannot impose reciprocal discipline where there was NO DISCIPLINE originally, but my former employer wanted me to have a long suspension for criticizing THEM.

SO, they dug around and found Rule 3.1, which has never been used this way anywhere.

65. Moreover, it is not an ethical violation to lose without a sanction. Otherwise, both the loser in *Plessy v. Ferguson* does something unethical and the loser in *Brown v. Board of Education* does something unethical for making the same argument as the winner in *Plessy*. We don't live in a world where judges are right 100% of the time, and judges are immune and are not punished for being in error without more. It is irrational and in bad faith to punish a litigant or lawyer for losing without an additional sanction present. That's why Title 18 forbids such interference and oppression with federal court users and attorneys.

66. If someone violated Rule 11 in every single case for losing, that rule would create a massive burden on federal courts that is not justified whatsoever. It is presumed in ***creating courts*** that someone will lose each time. That rule cannot be viewed that way rationally and Rule 3.1 cannot be used to punish lawyers (here *pro se* in 3 out of 4 cases) just for <u>using the federal courts and losing</u>.

67. Indiana purports not to try to discipline the lawyers of other states. *In re Murgatroyd*, [741 N.E.2d 719](), 722 (Ind. 2001). ("A law license issued by another state is not subject to sanction by this Court."). But Indiana invented discipline and achieved the suspension of me without a hearing in 4 federal courts that did not sanction me before.

68. It also tried to get Virginia to suspend me, but VSB would not.

11

69. My nearly 6 years of suspension were based on NO suspension in 4 federal courts, blown up to nearly 6 years of reciprocal suspension and expanded to 4 other *federal* courts, who imposed the full suspension when they did not impose any suspension in their original cases.  NO WONDER they did not want any federal hearing to take place.

70. The Virginia State Bar held a 3-judge panel hearing following due process and denounced the Indiana discipline as **"having all the grace and charm of a drive-by shooting."**  https://www.vsb.org/docs/Straw-062217.pdf

71. The Virginia State Bar said that I proved **by clear and convincing evidence** that I had not violated any ethical rule and would not have received any sanction for *the same actions* if they were done in Virginia.

72. Interfering with 4 federal lawsuits in which no sanction was imposed was a federal crime, both when I was the plaintiff *pro se* and when I represented someone else. **18 U.S.C. §§ 245(b)(1)(B) & 1503(a).**

73. **Exhibit 51** explains well why these abuses refute the idea that I was suspended for cause. I should have been granted property compensation.

74. Defendant Witte as an **investigator** and **"court policeman"** used the U.S. Mails and email/Internet to engage in his criminal acts on behalf of the Indiana Supreme Court and later prosecuted me in an illegal fashion. He gloated about my suspension in a law journal article, claiming I had not defended myself when my exhibits here show otherwise.

75. In Indiana, attorney discipline was **started by a supreme court officer**, Brenda Rodeheffer, **investigated by a supreme court agency**, Witte's Disciplinary Commission, **heard by a hearing officer appointed by the Chief Justice**, and decided by the Indiana Supreme Court, with the **Chief Justice writing the suspension ORDER**. That entire court and its agencies were hell-bent on taking my law licenses away after *I made a complaint in August 2014 about how I was treated as a disabled person working for that court over a decade earlier*.

76. Witte and the State of Indiana through its state supreme court took my property through threats and illegal orders. This amounts to robbery across state lines using the threat of force, and severely negatively affecting interstate commerce. **18 U.S.C. §§ 1341, 1343, 1951.**

77. See, *Supreme Court of N.H. v. Piper*, 470 U.S. 274 (FN8) (1985) ("This Court has recognized the 'mutually reinforcing relationship' between the **Commerce Clause and the Privileges and Immunities Clause**. *Hicklin v. Orbeck*, 437 U. S. 518, 437 U. S. 531 (1978).")

78. Those actions represent Civil RICO predicates. **18 U.S.C. §§ 1961, 1962, 1964(c).**

79. LinkedIn has assisted Indiana by blocking my account when I complained about various aspects of the criminal enterprise, including the ban on all disabled people being lawyers. http://ban.andrewstraw.com

80. This included exposing the consent agreement Indiana illegally imposed on me and withdrew later when I invoked ADA Title II and *Tennessee v Lane*, 541 U.S. 509, 511, 525, 531 (2004). http://consent.andrewstraw.com

81. LinkedIn had multiple opportunities to stop assisting Indiana, but refused and left me without an account, even to today. I am still blocked, ***terminated***.

## IV.   MY POSITION

82. LinkedIn by its employees stripped me of a valuable professional networking and job application service for no good reason. The only reason even given was my civil rights arguments at **consent.andrewstraw.com** and **ban.andrewstraw.com**. Dkt. 1-2.

83. Now, LinkedIn via its invalid motions to dismiss, Dkt. 15, makes a bold alignment with Indiana and the crimes by droning on and on about "frivolous" *in a frivolous manner* because Skaggs did not address my VSB exoneration.

84. Just because others abuse the word frivolous to side with Indiana does not give LinkedIn permission to align with the crimes and celebrate them. Celebrating my misfortune for being a civil rights leader and political advocate for disabled people, celebrating me losing 6 law licenses to crime, that's so bad.

85. Obviously, the "consent" was the consent agreement forced on me by an office of my former employer. There was nothing scandalous about it on my side except for its being an ADA violation that humiliated me before my Indiana Supreme Court colleagues. LinkedIn had no business blocking it or punishing me for talking about how I was treated in my bar admission process.

14

86. LinkedIn also sided with Indiana's ban on disabled people being attorneys by punishing me with account termination for even talking about it.

87. LinkedIn thus violated my rights and assisted my former employer in its discrimination and firing of me and federal crimes and suspension of my license for disability and competence reasons. It does so even more with this invalid motion to dismiss, and LinkedIn needs to be accountable for what this Mr. Skaggs files, even if illegitimately.

88. The **ban** LinkedIn punished me over was the centerpiece of the effort to strip me of 5 law licenses using criminal means.

89. NO ONE has the right to punish a crime victim for opposing their violator. Same with civil rights violations.

90. I made a disability based complaint to the EEOC in San Jose and was issued a Letter of Right to Sue. **Dkt. 1-2, pp 5-6**. The insinuation that I can only sue LinkedIn if it employed me before is not correct. EEOC was wrong.

## COUNT I: ADA TITLE I, II, & V VIOLATIONS PLUS ASSISTING INDIANA TO VIOLATE THE FIRST AMENDMENT IN THE ADA CONTEXT

91. Per the facts recited above, LinkedIn has banned me for opposing the discrimination of a state supreme court that was my employer. This raises Titles I, II, and V concerns.

92. Title I because LinkedIn is interfering with my employment, past, present, and future, by **banning me** just like Indiana bans all disabled lawyers. Ind. R. Adm. & Disc. R. 23, Sec. 2(c) & 3(b).

93. Title II because LinkedIn is assisting the Indiana Supreme Court, which is covered by Title II under *Tennessee v. Lane*, to hurt me. **To silence me.**

94. Title V because LinkedIn is retaliating against my ADA reform advocacy and opposition to the Indiana ban on disabled persons being lawyers. Title V's damages refer back to Title I and Title II.

95. Mine is a systemic objection because banning disabled lawyers infects the whole legal system, top to bottom. **Exhibit 57.** Attacking me for demanding change is a retaliation and interference with my advocacy. As much as my work is systemic law reform, LinkedIn's attack and **permanent ban** on me using that service is also systemic.

96. Employment discrimination is prohibited. 28 C.F.R. § 35.140

97. The ADA Title II regulations demonstrate that private entities must not assist public entities to discriminate or harm disabled people.

> 28 C.F.R. § 35.134 Retaliation or coercion
> (a) **No private or public entity** shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this part.
>
> (b) **No private or public entity** shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part.

98. https://www.ada.gov/law-and-regs/title-ii-2010-regulations/

99. **Banning me** for talking about a state's ADA violations must be considered a private entity cooperating with Indiana and acting as a state agent, thus

16

violating the First Amendment by oppressing my human rights views about Indiana.

100. I have a right to use the federal courts, moreover, without any retaliation at all. *Domanus v. Locke Lord LLP*, 847 F.3d 469, 483 (7ᵗʰ Cir. 2017). The motion to dismiss, Dkt. 15, invalid though it is, attacks this right by abusing the term frivolous, just like Indiana did, and sided with Indiana. That motion to dismiss verifies the intent of LinkedIn and shows I am 100% right about why LinkedIn terminated my account.

101. I have a right to advocate and no state court can interfere with that. *Brandenburg v. Ohio*, 395 U.S. 444, 449 (1969):

> Accordingly, we are here confronted with a statute which, by its own words and as applied, **purports to punish mere advocacy** and to forbid, on pain of criminal punishment, assembly with others merely to advocate the described type of action. [Footnote 4] **Such a statute falls within the condemnation of the First and Fourteenth Amendments**. The contrary teaching of *Whitney v. California*, supra, cannot be supported, and that decision is therefore overruled.

102. As an equitable matter, I should have MORE RIGHTS to advocate for civil rights protections than Mr. Brandenburg, who was advocating violence and the KKK.

103. A private actor may not assist a state government in its violation of the First Amendment. LinkedIn acted as a state actor when it helped Indiana to prevent speech about Indiana's discrimination by terminating my account and telling me it was not reviewable. **Dkt. 1-2, pp. 1-4**. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) ("Our cases have accordingly insisted that the conduct

allegedly causing the deprivation of a federal right be **fairly attributable** to the State. * * * Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has **acted together with** or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. * * * They collapse into each other when the claim of a constitutional deprivation is directed against a party whose official character is such as to **lend the weight of the State to his decisions**.").

104.     Indiana silencing me by taking my 5 law licenses is of the same "SILENCING OF ADVOCACY" nature as the LinkedIn termination. The law license properties were taken <mark>after I complained</mark> and the LinkedIn account was terminated <mark>after I complained</mark> about what Indiana did.

105.     The tactics and results are the same. I am to be silenced for complaining about the civil rights violations of the State of Indiana, my former employer.

106.     My ban page mentions how what happened to me was criminal under state law.

107.     http://ban.andrewstraw.com:

108.     "Such a rule and its application to me is official crime in Indiana, the crime

of civil rights violation. IC 35-46-2-1."

109.     EMOTIONAL AND CAREER DAMAGES FOR ADA TITLES I, II, & V: **$1,000,000**

## COUNT II: INDIANA & LINKEDIN FIRST AMENDMENT VIOLATIONS

110.     Indiana attacked my 2014 petition with nearly 9 years of retaliation and nearly 6 years of that was law license suspension, expanded to 5 licenses with no *bona fide* state hearing and no federal hearing at all.

111.     Indiana has no right to suspend me for what I wrote as advocacy to a federal court that did not suspend me or even provide a Rule 11 sanction of any kind. I was *pro se* in 3 of the cases.

112.     Indiana had no right or power to dig around in federal lawsuits to find some *dicta* reason to hang its hat and cause a former employee, disabled from serving the Indiana Supreme Court, ~6 years of suspension.

113.     *Brandenburg v. Ohio* is plenty of reason to impose First Amendment damages on the State of Indiana. Further, the 7th Circuit itself in *Domanus v. Locke Lord LLP* stated at page 483 of that case that using the federal courts is a First Amendment protected activity.

114.     Thus, Indiana is responsible for a multitude of First Amendment violations and should pay for consistently violating my free speech and court access rights. Tennessee v. Lane, 541 U.S. 509 (2004) ("the Due Process Clause protects the **right of access to the courts** * * * Title II is aimed at the enforcement of a variety of basic rights, including the **right of access to the courts** * * *")

115.     Under 42 U.S.C. § 1983, Indiana must pay for violating the First Amendment and LinkedIn should be jointly and severally liable for terminating my account because I opposed the ban on disabled people being lawyers when the disciplinary complaint mentioned my mental disability as the number one reason for sanctioning me, calling my arguments "nonsensical." **Exhibit 6, p. 2.**

116.     DAMAGES: **$1,000,000**

## COUNT III: PROPERTY RIGHTS, FIFTH & FOURTEENTH AMENDMENTS & INDIANA BILL OF RIGHTS, SECTION 21

117.     For the reasons explained in **Exhibit 51** and supported by **Exhibits 1 to 50**, I should be granted $1 million for each law license (5 total) illegally taken from me by the State of Indiana and with Mr. Witte being central to those takings as the Executive Director of the Indiana Attorney Disciplinary Commission while this was being imposed.

118.     My expert, Doug Bernacchi (**Exhibit 22**), verified that $5 million for such a unique license and situation is right and proper. He also stated that it was more likely that I was correct in my federal cases used to take my Indiana license, and the federal judges, accordingly, were in error.

119.     Given LinkedIn opposed me, terminated my account, for my complaining about the ban on disabled people being lawyers in Indiana, LinkedIn must be jointly and severally liable.

120.     DAMAGES: **$5,000,000**

### COUNT IV: CIVIL RICO BY INDIANA AND LINKEDIN

121.     LinkedIn assisted Indiana by terminating my account when I tried to tell other civil rights leaders about what happened to me in Indiana.

122.     I have written repeatedly on the subject of the crimes and discrimination and property takings for Democracy Chronicles, 2018-2023:

123.     https://democracychronicles.org/property-rights-indiana-style/

124.     https://democracychronicles.org/disability-employment-awareness-month/

125.     https://democracychronicles.org/courts-enemies-of-democracy-and-equality/

126.     https://democracychronicles.org/a-ukrainian-asylum-lawyer-crushed/

127.     https://democracychronicles.org/war-against-disability-civil-rights-lawyers/

128.     As I mentioned above, Indiana and its state officers like Witte served me across state lines[1] in an effort to take my properties from me because I used

---

[1] *Pennoyer v. Neff*, 95 U.S. 714, 727 (1878) ("Process from the tribunals of one State cannot run into another State, and summon parties there domiciled to leave its territory and respond to proceedings against them. Publication of process or notice within the State where the tribunal sits cannot create any greater obligation upon the nonresident to appear. Process sent to him out of the State, and process published within it, are equally unavailing in proceedings to establish his personal liability."). Indiana's view of due process is that some 5 justices appointed by governors for whom I would never vote get to do whatever they want, with any violation of law allowed because I am outside of law, and fair game for destruction.

the federal courts. Taking my property with the threat of force and fines imposed was **robbery**. 18 U.S.C. § 1951. Using the U.S. Mail and Internet and email to do this to me was also criminal. 18 U.S.C. §§ 1341, 1343.

129.     When I asked Loretta Rush, the ringleader, to disqualify herself like the trial judge did, she denied me with her own hand, violating *nemo judex in causa sua*. 1/23/2023. *Straw v. Indiana*, 22A-PL-766 (Ind. 2023)

130.     Indiana oppressed my First Amendment right to complain about its own discrimination. It attacked my petition TO IT. (**Exhibit 6, p. 2**). It also attacked 4 lawsuits I filed in federal court that included no sanction. This violated my First Amendment rights to use the courts without retaliation and inteference and oppressed me as a civil rights leader for people with disabilities:

131.     https://www.americanbar.org/groups/diversity/disabilityrights/initiativ es_awards/spotlight/straw_a/

132.     To rob me of 5 law licenses using the mails and wires and in violation of my First Amendment rights and right to use the courts without interference represents a Civil RICO conspiracy, as I describe fully in **Exhibit 51**. **18 U.S.C. §§ 1961, 1962, 1964(c)**. See also **Dkt. 7-1** and **Exhibit 57**.

133.     The State of Indiana is obviously the main enterprise, but federal courts in the 7th Circuit area have also participated in favor of the crimes, thus making the United States another enterprise used to commit crimes against me, including refusing to protect my law licenses under these outrageous

conditions, with **no hearing** to protect my properties and vicious and false allegations of "frivolous" used to protect Indiana and its judges from justice.

134.     LinkedIn may not be the engine to the criminal train, but it certainly joined as a poisonous caboose, even more so with the invalid motion to dismiss (**Dkt. 15**), connected to the crimes via this illegal termination of my account when I opposed what happened to me *using LinkedIn*.

135.     DAMAGES ARE TREBLED under **18 U.S.C. § 1964(c).**

136.     DAMAGES SHOULD BE THE JOINT AND SEVERAL OBLIGATION OF ALL DEFENDANTS.

137.     **$3,000,000** in trebled damages for the ADA violations, part of the criminal scheme.

138.     **$3,000,000** in First Amendment damages, part of the criminal scheme.

139.     **$15,000,000** in Property Takings damages for the taking of my 5 law licenses, also part of the criminal scheme, representing robbery and theft.

140.     TOTAL: **$21,000,000**

## PRAYER FOR RELIEF

141.     I pray this Court will consider the facts and law presented above, find that **LinkedIn has violated Titles I, II, & V of the ADA** in a deliberate fashion without remorse or compassion. Further, Indiana with LinkedIn's support and assistance violated the First Amendment many times. Further, Indiana with LinkedIn's support and assistance violated my right to property compensation for the 5 law licenses taken from me in a criminal fashion, using the illegal ban

on all disabled people being lawyers. "ban.andrewstraw.com" being my official opposition website that LinkedIn attacked. The entire, overarching criminal racketeering enterprise with many parts must also be compensated, with defendants Indiana and Witte right at the center and LinkedIn protecting it from the periphery. Everyone is responsible for the conspiracy, even those I cannot sue because in its wisdom and without any constitutional text to justify it, the U.S. Supreme Court has made all judges immune from civil justice. *Stump v. Sparkman*, 435 U.S. 349 (1978) (Indiana state judge allowed immunity when he ordered a disabled woman to be sterilized without her knowledge or consent, lying to her that she was getting an appendectomy, causing her marital strife and the inability to have children, one of the most basic rights a human being has). *Cf.*: Murder of the Disabled.

142.   **$21,000,000** is my prayer for damages, joint & several.

143.   I further ask that LinkedIn be ORDERED not to interfere with my use of its service anymore, fully reinstating me, and a permanent injunction should be imposed to that effect. 42 U.S.C. § 12133. I chose $1 million as the damages amount for the discrimination part of this because Title II damages have been awarded in the past at this level. *Barnes v. Gorman*, 536 U.S. 181 (2002).

144.   Like my motion for declaratory judgment, I ask that this Court declare that my 5 law licenses were never suspended **as a matter of law and due process** for the reasons provided in **Exhibit 51**, supported by the other 57 exhibits.

145.     I ask for an injunction to Indiana not to ever suspend me again unless I commit and am convicted of a felony crime, per *In re Ming*, 469 F.2d 1352, 1355-1356 (7th Cir. 1972). The injunction should state that I am immune from any other interference by Indiana and its state supreme court with my use of the courts.

146.     I ask any and all other relief, including attorney fees should I obtain counsel, appropriate to the Court.

## VENUE & JURISDICTION

147.     This Court had jurisdiction under 28 U.S.C. § 1331 as this is a federal law matter under the Americans with Disabilities Act.

148.     This amendment is done as a matter of course under FRCP Rule 15 as a response to the invalid motion to dismiss.

149.     I included Indiana and Mr. Witte under 28 U.S.C. § 1446 as removal from the two Indiana lawsuits listed above, the discipline case where I am still suspended, and the property takings case where I have not been granted compensation when I should have been by now.

150.     The Northern District of California thus is an appropriate venue under 28 U.S.C. § 1391(b)(2) because LinkedIn is one defendant and some actions giving rise to this lawsuit happened online, while LinkedIn Corp's headquarters are in San Jose, California, where this Court is located. Indiana has crossed state lines in hurting me and taking my property and used the mails and wires to do so, causing me injury in every state, including California.

151.     Administrative prerequisites have been exhausted with EEOC having

provided me with a Letter of Right to Sue. **Dkt. 1-2, pp. 5-6.**

152.     I have already filed notices of removal in *Straw v. Indiana*, 53C06-2110-

PL-2081 (Monroe Cty. Cir. Ct. #6) and *In re Straw*, 98S01-1601-DI-12 (Ind.

2/14/2017). **Exhibits 52 & 55**.

I, Andrew U. D. Straw, verify that the above factual contentions and statements are
true and correct to the best of my knowledge, information, and belief, on penalty of
perjury.  Signed: **January 25, 2023**.

Respectfully,

s/ ANDREW U. D. STRAW
712 H ST NE, PMB 92403
Washington, D.C. 20002
Telephone: (847) 807-5237
andrew@andrewstraw.com

26

CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I filed the above **COMPLAINT** and **58 EXHIBITS**

and 4 new prefiled **SUMMONS FORMS (filed separately)** with the Clerk of the U.S.

District Court via CM/ECF on **January 25, 2023**.  Once entered, these documents will

be served by CM/ECF to defendant by purported counsel Skaggs per the procedures

of the U.S. Courts and available and visible in the docket on Pacer.gov.

Respectfully submitted,

s/ ANDREW U. D. STRAW
712 H ST NE, PMB 92403
Washington, D.C. 20002
Telephone: (847) 807-5237
andrew@andrewstraw.com

27