EX 2

# FALSELY OMITTED MITIGATING FACTORS IN ANDREW U. D. STRAW'S FALSE DISCIPLINARY CASE

Here find critical facts regarding the crimes and dishonesty of the hearing officer and others chosen by the Chief Justice of Indiana to inflict false discipline on me that has lasted **64+ months** and destroyed my law career permanently.  In re Straw, 68 N.E.3d 1070 (Ind. 2/14/2017)

NB: http://crime.andrewstraw.com

**FACT 1.**  Loretta Rush appointed James R. Ahler as hearing officer in my discipline case after I accused her court of ADA violations.

**FACT 2.**  Ahler was seeking to fill a vacancy on the Indiana Supreme Court when Rush appointed him as hearing officer.  This appears to be a potential inducement to get Ahler to come to the predetermined conclusions found in Ahler's false and misleading hearing officer report months past the deadline in the Rules.

**FACT 3.**  **MITIGATING FACTS.**  Ahler implied at pages 19-21 of his report that there were no mitigating factors.  The heading was "AGGRAVATORS & MITIGATORS."  No so-called mitigators were presented, only exaggerations of aggravating factors.  He failed to mention that the Disciplinary Commission offered me a "disability status" instead of discipline.  He knew this.  He also failed to mention my lengthy affidavit and answers under protest and a lengthy rebuttal of the verified complaint in my own affidavit.  He also failed to mention that I had **no prior disciplinary action or sanction**.  He also failed to mention that I am a former employee of the Court, hired by the former Chief Justice of Indiana and I was fired after severe injuries (broken bones in my legs, pelvis, hand, nose, and skull) on the way to the Court to work.  He failed to mention that I made ADA complaints in 2014 and the ADA coordinator started the disciplinary process days later as an act of retaliation (even mentioning my ADA complaint after saying my mental disability made me incompetent).  Ahler failed to mention that my law

1 – Updated: June 26, 2022

license was under attack for the exact same reasons given in a <u>consent agreement</u> when I was working for the Supreme Court and passed the bar exam while still in much pain from the car accident. He failed to mention that I was accused of **no crime, no dishonest act**, and the only rule used against me was the rule for **"incompetence,"** Rule 3.1. He failed to honestly explain why **no mitigating fact was mentioned at all** when the case was full of them and HE KNEW IT.

## MITIGATING FACTORS

Many courts have generally recognized the following mitigating factors when fashioning a sanction. Andrew Straw's case contained facts supporting almost all of these being considered.

✓ absence of a prior disciplinary record; **TRUE #1**

✓ absence of a dishonest or selfish motive; **TRUE #2**

✓ personal or emotional problems; **TRUE #3**

✓ timely good faith efforts to make restitution or to rectify consequences of misconduct; (2 cases were settled by insurance without sanction; one was not labeled frivolous by the court, and another involved violating my health privacy) **TRUE #4**

✓ full and free disclosure to disciplinary board or cooperative attitude toward proceedings; (answers/affidavit, but refusal to submit to hearing officer who sought a supreme court vacancy and was hired as a federal judge while my appellee) **TRUE #5**

✓ inexperience in the practice of law; **TRUE #6**

✓ character or reputation; (disability rights leader) **TRUE #7**

✓ physical disability (from Indiana Supreme Court) **TRUE #8**

✓ mental disability or impairment; (USMC poisoning) **TRUE #9**

2 – Updated: June 26, 2022

✓ delay in disciplinary proceedings; (29 months after the Court's ADA coordinator retaliated on 9/3/2014 against my ADA complaints with this disciplinary complaint) **TRUE #10**

✓ imposition of other penalties or sanctions; (no other court chose to sanction me and VSB rejected the Indiana suspension 100%, saying I did not violate any ethical rule) **TRUE #11**

✗ remorse; (sorry, but advocating for greater disability protections when I am both physically and mentally disabled is never going to be something I have remorse about)

✓ remoteness of prior rules violations; (NONE) **TRUE #12**

✓ the unlikelihood of repetition of the misconduct. (I cannot repeat filing my first 4 cases) **TRUE #13**

✓ the fact that all of these mitigating factors existed but the Disciplinary Commission, hearing officer, and Chief Justice failed to mention any of them is yet another mitigator. **TRUE #14**

✓ the investigation lasted from 9/3/2014 (disciplinary complaint date) through 1/11/2016 (verified complaint filed), 16 months. However, the Indiana disciplinary rules limit an investigation to 12 months, so **the investigation exceeded the rule by 4 months**. Similarly, the hearing officer in 2016 was to enter his report within 60 days of the parties requesting findings and ORDERs, but the hearing officer waited until **months past** this 60-day deadline. Thus, both the investigation and the report were **months late** and this discipline should have been dismissed under *laches* doctrine since the Disciplinary Commission and Hearing Officer failed to timely perform their duties. **TRUE #15**

3 – Updated: June 26, 2022

**FACT 4.** When Ahler submitted his false and misleading hearing report in December 2016, it is clear that he was <u>seeking another office, federal bankruptcy judge to be hired by the 7th Circuit</u>. When I sued Ahler, he did not reveal his application to work for the 7th Circuit as a judge. This was extremely sneaky and dishonest and for his own benefit. He also failed to reveal publicly in my ADA case that the trial judge, Hon. Magnus-Stinson was part of the 7th Circuit body deciding who would be chosen for that bankruptcy job.

**FACT 5.** Ahler was my appellee before a panel of the 7th Circuit. He did not reveal publicly that one of the panel members employed Ahler as a clerk. He also did not reveal publicly that he was clerk for the former chief judge of the 7th Circuit. He did not reveal publicly that he likely knows every member of the 7th Circuit on a personal basis after working in those clerk roles. He remained silent while being represented by the office of the groper, Curtis Hill. <u>In re Hill</u>, <u>19S-DI-56</u> (Ind. 2020).

**FACT 6.** With my ADA appeal pending at the 7th Circuit, Ahler was hired to be a federal judge by the 7th Circuit and then all of my appellees were protected with *res judicata* law that was nonsensical because the facts under review did not take place **until my case was filed**. Also, I had never sued Ahler before, so it was impossible for *res judicata* to be used to protect him and his ADA-violating dishonest report. <u>Straw v. Indiana Supreme Court, et. al.</u>, 17-1338, 692 F. App'x 291 (7th Cir. 7/6/2017) (**Dkts. 79 & 80**). The 7th Circuit has been acting dishonestly to protect Ahler ever since his hiring. http://ca7.andrewstraw.com That court dishonestly states that my cases are frivolous when they are not and the whole point is to discredit me as a witness to the ==crimes of the 7th Circuit bench in hiring Ahler, my appellee==.

**FACT 6.** My right to property compensation under the takings clause in the Indiana Bill of Rights, Sec. 21, was denied because my labor was not conscripted and the Supreme Court did not use my license, only destroying it. *Straw v. Indiana*, 22A-PL-766 (Ind. Ct. App. 6/22/2022).

# CRIMES

It appears that Ahler was seeking a position worth millions of dollars on the Indiana Supreme Court in return for falsely representing my case so that I would be disciplined in response for my own ADA complaints about the Indiana Supreme Court.  This is why no mitigating facts appear when even Curtis Hill had mitigating analysis.  Ahler knew that these cases normally consider mitigating factors and the evidence is that his analysis' title in his report included aggravators and mitigators.  He then sought another position at the 7th Circuit when he was my appellee there.  These actions corrupted the Indiana Supreme Court and the 7th Circuit and Judge Magnus-Stinson, **all for Ahler's benefit**.  His being hired made ADA review impossible because the federal courts were angry and inflicting injury on me in the form of false accusations of "frivolous" to harm me as a witness.  Ahler's salary was a misuse of federal funds.

## DOCUMENTS & CRIMES

- (RODEHEFFER) DISCIPLINARY COMPLAINT IN RETALIATION AGAINST ADA COMPLAINTS

- (WITTE) VERIFIED COMPLAINT WITH NO MITIGATING FACTORS

- (ORDWAY) DISCIPLINARY COMMISSION COUNSEL PROPOSED FINDINGS, NO MITIGATING FACTORS

- (ORDWAY) COMMISSION COUNSEL RESISTANCE TO ADMISSIONS AND INTERROGATORY ANSWERS TO RESIST ESTABLISHING MITIGATING FACTORS

- (AHLER) HEARING OFFICER REPORT WITH NO MITIGATING FACTORS

- (RUSH) SANCTION ORDER WITH NO MITIGATING FACTORS

- (STRAW) FRAP RULE 28(j) LETTERS TO 9th CIRCUIT AND FEDERAL CIRCUIT ON THE CRIMINAL OMISSIONS TO MISLEAD THE INDIANA SUPREME COURT.

- (VSB) VIRGINIA STATE BAR SAID NO TO THE INDIANA SUPREME COURT AND IMPOSED NO DISCIPLINE

## STATE OF INDIANA CRIMES

**IC § 35-44.1-2-1** – false representation of my disciplinary facts is perjury.

**IC § 35-44.1-2-2(a)(4)** – Ahler's false and misleading statements were meant to mislead the Indiana Supreme Court and cause me injury. They have done this to an extreme degree. A suspension lasting **57+ months** for a supposed Rule 3.1 violation is illegitimate on its face when all mitigating factors were omitted from the hearing officer report and the final ORDER of the Indiana Supreme Court. It is absolutely critical to note that not a single crime was alleged and not a single dishonest act on my part, yet I have been suspended precisely for complaining about the ADA violations of the Indiana Supreme Court. Note that IC § 35-44.1-2-2(e) does not protect a judge committing these crimes.

**IC § 35-44.1-2-4** – concerns misleading a public servant and Ahler did mislead the Indiana Supreme Court, which then caused that Court to make an ORDER which was used to mislead many other courts and public officers.

**IC § 35-40-5-1** – my rights as a crime victim from the actions of Ahler were violated.

**IC § 35-45-2-1(d)(1), (d)(4-7)** – the discipline and hearing report were **retaliation** for my lawful acts in my 2014 ADA complaint about the Court. The U.S. Supreme Court made the right to sue state courts for their ADA violations perfectly clear in 2004. Tennessee v. Lane, 541 U.S. 509 (2004).

**IC § 35-45-2-2** – Ahler's actions served to harass me and prevent me from using the Courts, which is a constitutional right under both the Indiana

Bill of Rights and the U.S. Bill of Rights. The discipline based on his false hearing officer report served to prevent me from being a disability lawyer in the Midwest permanently. This damaged not just me but also any disabled clients I may have helped in the past 57+ months as well as disability advocacy for wide implementation of the ADA, which Congress explicitly directs to be done. I am disabled. The ADA only requires me as a minimum for a lawsuit to "allege discrimination." 42 U.S.C. § 12133. I did this every single time but was accused of doing something frivolous when I followed the Act to the letter.

**IC § 35-44.2-1-1** – as a former employee of the Court who reported ADA violations, I was afflicted with retaliation for reporting a violation of law.

## FEDERAL CRIMES

Every federal judge who used the term frivolous abusively with knowledge proven in the ORDER that I have been abused with this term by the 7th Circuit and other courts has acted as an accomplice to the 7th Circuit and its illegal hiring of Ahler. Calling my filings frivolous was done to attack my credibility without actually showing that my filings are frivolous in any objective sense. These are acts of retaliation done to cover up federal crimes based on hiring my appellee, James R. Ahler and making him a federal judge and millionaire over 14 years while favoring him unfairly and falsely in my appeal. These violations have been used to deprive me of a federal court office, namely attorney admitted before a U.S. District Court, 4x, and used to prevent me from having another at the 11th Circuit. This office is a court officer office.

Potential federal crimes given the injury to my brain include: **18 U.S.C. §§ 3, 4, 201, 210, 211, 241, 242, 245, 249, 372, 1001, 1341, 1343, 1349, 1361, 1503, 1512, 1513, 1621, 1622, 1951, 1962, 2071, 2076.**

## PROPERTY TAKINGS AND COMPENSATION

After taking my property under these conditions, causing 4 other courts to reciprocally injure me, I cannot practice law anymore. I must be compensated, as I said in Straw v. U.S., 21-1597, 21-1598 (Fed. Cir. 10/13/2021) & Straw v. U.S., 21-5300 (D.C. Cir. 2022), but I was denied. The Indiana Court of Appeals has full authority to compensate me under Indiana Bill of Rights, Section 21, and cannot avoid or escape this obligation, but it denied me anyway. Straw v. Indiana, 22A-PL-766 (Ind. Ct. App. 6/22/2022). I must be paid for the property taken, especially since I committed no crime or dishonest act. Frivolous is not enough for a suspension and certainly not 64+ months when attorneys and judges who commit crimes do not get that level of suspension because their **mitigating factors don't allow it**. I support **4 fatherless children** now and I must be paid or they suffer. Ex. 22:22.

## MITIGATING SACRIFICES: INDIANA COURTS & USMC

These sacrifices were so severe on the way to the Indiana Supreme Court to work, if it happened in a military context, it would merit a **purple heart**. The very idea of attacking disability advocacy of someone who made such sacrifices to the Indiana courts is absolutely outrageous and nonsense to the core. Attacking someone who made such sacrifices in public service is not just unethical or criminal, it is **evil** in the sense of being derived from a **demonic influence**.



X-ray of Andrew Straw's broken femur and pelvis



MRI showing 2001 damage to Andrew Straw's femur and pelvis



X-ray of Andrew Straw's other leg, 2001



2016 X-ray of the same leg, showing hardware remains

**OTHER BROKEN BONES.** Other broken bones in that same 2/22/2001 accident on the way to the Indiana Supreme Court to work include broken hand, broken ribs, broken nose, and skull broken behind the nose.

12 – Updated: June 26, 2022

I was born at Camp LeJeune, NC, and received the bipolar disorder and other disabilities that have haunted me my entire life, with discrimination by the Indiana Supreme Court as soon as they found out I have this. 38 C.F.R. §§ 17.400(b)(iii & xiv)

*Straw v. Wilkie*, 20-2090, 843 F. App'x 263 (Fed. Cir. 2021) (**HEALTH CARE REFUSED**)

*Straw v. United States*, 16-17573-GG (11th Cir. 5/22/2019) (**COMPENSATION REFUSED**)



13 – Updated: June 26, 2022

I WAS BETRAYED BY THE UNITED STATES MARINE CORPS, CONGRESS, AND EVERY PERSON WHO DISCRIMINATES BASED ON THE DISABILITIES FROM THAT POISONING.  THIS INCLUDES THE INDIANA SUPREME COURT.

CALLING MY CASES AND FILINGS FRIVOLOUS IS DISCRIMINATION EVERY SINGLE TIME IT HAPPENS.  THIS IS A COURT METHOD OF DISCREDITING AND INJURING A PERSON WHO DOES NOT DESERVE IT.

CONGRESS KNOWS REFUSING JUSTICE TO THESE POISONED U.S. MARINE CORPS FAMILIES IS NOT GOING TO BE THE FINAL WORD.  CAMP LEJEUNE JUSTICE ACT WAS PASSED IN THE U.S. HOUSE ON 3/3/2022 AS PART OF THE HONORING OUR PACT ACT, H.R. 3967, WITH A BIPARTISAN 256-174 VOTE.  PRESIDENT BIDEN SAYS HE WILL SIGN IT, SO THIS JUSTICE IS UP TO THE SENATE.

BEING BORN ON AN EPA SUPERFUND SITE TOXIC WASTE DUMP WITHOUT MY CONSENT IS A MITIGATING FACTOR.  JUDGES SHOULD LEAN MY WAY AND LISTEN AFTER THIS LIFE-LONG SACRIFICE.  NO MORE SAYING NO JUST BECAUSE YOU CAN.

U.S. MARINE CORPS' KILLING MY MOTHER WHILE I WAS IN LAW SCHOOL WITH A VA-LISTED BREAST CANCER FROM CAMP LEJEUNE IS ANOTHER MITIGATING FACTOR.

MY NATIONAL AND INTERNATIONAL DISABILITY RIGHTS LEADERSHIP IS A MITIGATING FACTOR IN DISABILITY CASES.

MY FOUNDING "DISABILTY PARTY" IN 2013 IS A MITIGATING FACTOR.  ATTACKING ME WAS A POLITICAL ACT.  MY FOUNDING THE 527 GROUP "CHILDREN OF CAMP LEJEUNE" IS A MITIGATING FACTOR AND WAS A POLITICAL ACT.

## COURT & LEGAL SYSTEM

### U.S. COURT OF APPEALS, SECOND CIRCUIT

- dismissed my case for defamation and ADA violations for not filing a form that I in fact filed and that was in the record.
- Refused me the ability to have the dismissal by the clerk reviewed by actual judges.  Straw v. Unknown, 22-5172 (D.C. Cir.)

### U.S. COURT OF APPEALS, SEVENTH CIRCUIT

- Allowed perjury in a motion for more time.  Straw v. Indiana, 18-2878 (7th Cir. 2018)
- Hired my appellee to be a federal judge.  Straw v. Indiana Supreme Court, et. al., 17-1338, 692 F. App'x 291 (7th Cir. 2017) (**Dkts. 79 & 80**)
- Banned me from the federal courts for objecting to these crimes.

### U.S. COURT OF APPEALS, ELEVENTH CIRCUIT

- Refused me a law license because of the Indiana suspension.
- Straw v. United States, 16-17573-GG (11th Cir. 2019)

### U.S. SUPREME COURT

- Denied me certiorari 13x on constitutional violations, ADA violations, the crimes committed to deprive me of 5 law licenses, the failure to provide real hearings, etc. Certiorari system clearly violates Article III, as well as the First and Fifth Amendments.
- Straw v. Judges Act of 1925, 22-5129 (D.C. Cir.).

### UTAH SUPREME COURT

- Denied me the right to file an amicus brief
- Straw v. Utah, 2:22-cv-00023-RJS (D.UT)

# DISTRICT OF COLUMBIA

<u>Straw v. Frivolous</u>, 22-7068 (D.C. Cir.) (RECONSIDERATION)

<u>Straw v. United States</u>, 22-5106 (D.C. Cir.) (Camp Pendleton poison)

# INDIANA COURTS

<u>Straw v. Indiana</u>, 22A-PL-766 (Ind. Ct. App. 2022) (Law license takings)

<u>Straw v. Indiana</u>, 22A-EX-679 (Ind. Ct. App.) (2 WC claims from Indiana Supreme Court employment).

Disability discrimination.  http://petition2014.andrewstraw.com

# AVVO, INC. (WITH ASSISTANCE OF WESTERN DISTRICT OF WASHINGTON)

- **Lied** about my Virginia license, saying it was not active for 3 years when it was active.  Propagated the Indiana suspension.
- **Lied** in 9th Circuit briefing about the owners of AVVO.
- Opposing counsel **hired the law clerk of the trial judge** into its litigation group.
- Avvo provides profiles for nearly every U.S. lawyer.
- <u>Straw v. Avvo</u>, 20-35971, 21-35848 (9th Cir. 2021) (*En Banc* Review **DENIED**)