EX 3

# ANDREW U. D. STRAW: CRIME VICTIM

I am known as a public figure who works on disability issues (at *2) recognized by the ABA, but in fact **all of my disabilities were the result of crime**. I have advocated for thousands of other crime victims poisoned by U.S. Marine Corps Base Camp LeJeune, North Carolina, including my dead mother from one of the cancers. I advocated for political parties to become handicap accessible and was found qualified to be the general counsel of the U.S. Access Board in 2014. I was also found qualified and referred to be attorney advisor of the U.S. Army Medical Command and the U.S. Marine Corps HQ at Quantico. My brother, Captain Jason Lee Straw (ret.), served as a U.S. Air Force critical care trauma nurse (CCATT) in Afghanistan (2x), with his small team saving over 600 blown-up veterans. http://jls.andrewstraw.com http://disability.andrewstraw.com Before I worked for the Indiana Supreme Court, I worked as corporate counsel for Alan M. Voorhees, a U.S. Navy UDT-11 frogman veteran of WWII.

Sadly, no prosecutions happened for the crimes I endured as the result of prosecutorial discretion or criminal concealment of injuries (Camp LeJeune) over a long period of time (see below). Now I am being

punished severely and without due process for my disabilities and ADA work in Indiana over the objections of the Virginia State Bar and this discrimination is an **additional crime** done by my former employer, the Indiana Supreme Court, and federal courts that approve of the violations. IC 35-46-2-1 **Violation of civil rights. See also, 18 U.S.C. §§ 245(b)(1)(B), 666, & 1503(a).** Even federal court clerks have violated criminal law and refused my filings. **18 U.S.C. § 2071**. *Straw v. U.S.*, 21-1600, 21-1602 (Fed. Cir. 2021). Federal courts are so brazen in hurting me, they hire my appellees during the middle of an appeal. *Straw v. Indiana Supreme Court, et. al.*, 17-1338 (7th Cir. 7/6/2017) (**Dkts. 79 & 80**). The U.S. Supreme Court has denied me the right to review 13x and I want compensation for this taking, but I was denied.

## CRIMES

I. Camp LeJeune poisoning causing neurobehavioral effects. Poisoning me *in utero* and giving me bipolar disorder (brain damage) was a crime under the Uniform Code of Military Justice. Article 119a Maiming a civilian child of a U.S. Marine is a crime that normally would include restitution. Article 124. http://camplejeune.andrewstraw.com **No prosecution happened.**

II. **Camp LeJeune poisoning causing death**. My mother was killed by Camp LeJeune poisons that led directly to her breast cancer. 38 C.F.R. § 17.400(b)(iii). Without specifically intending to kill her, the crime was manslaughter. Article 119. Normally **manslaughter** would include restitution. 18 U.S.C. § 3663A. I was severely emotionally affected by her death from my bipolar disorder brain damage my final year of law school and this resulted in my first experience of **bipolar mania**. 38 C.F.R. § 17.400(b)(xiv). **No prosecution happened.**

III. **A reckless driver** caused both my legs and pelvis and skull to be broken and other injuries on the way to the Indiana Supreme Court to work. (POLICE REPORT, 2/22/2001 obtained 3/12/2020). The reckless driver, Kristin D. Jones, attempted to pass 4 vehicles around a curve, speeding up to ~55 mph in a 45 mph zone, hitting me head-on. She should have had a reckless driving conviction, but **no prosecution happened**. I should have had **restitution** as a crime victim. Jones' reckless driving was a **class A misdemeanor** because my passenger and I were both severely injured. IC § 9-21-8-52. **No prosecution happened.**

**OFFICER NARRATIVE:** Driver witnesses #3, 4, 5, & 6 all stated they were in single file going south on N. Walnut at approximately 40 mph in a 45 mph zone due to snow covered roads and hazardous road conditions.  After they went through the intersection of Old State Rd 37, they were passed by vehicle #1 on the left and left of the double yellow line.  **Drivers 3, 4, 5, 6 said that vehicle #1 was going too fast for the conditions.**  Driver #3 stated that when vehicle #1 got by her, vehicle #1 attempted to get back in the southbound lane and in doing so lost control of the vehicle, slid in the northbound lane and **hit vehicle #2 head on**.  Drivers state due to the hazardous conditions, they were unable to avoid the accident. (p. 5)  * * * Driver of vehicle #1 stated she was going approximately **45 to 55 mph**. (p. 7)

IV. Court Discrimination.  The reckless driver hit me on my way to the Indiana Supreme Court to work.  That Court discriminated against me repeatedly and used its *ADA coordinator* against me, attacking the disabilities I have from Camp LeJeune poisoning and thus **attacking me as a crime victim, converting my 5 law licenses to their purposes, in violation of Indiana law**.  *Straw v.*

*Indiana Supreme Court, et. al.*, 1:16-cv-3483-SEB (S.D. Ind. 2/16/2017) (**Dkts. 1-11 & 1-13**). Indiana bans all disabled people from being lawyers. http://ban.andrewstraw.com  The Indiana Supreme Court also attacked me for how I went about using the ADA and attacked my complaints about the Court's discrimination.  I refuted the Disciplinary Commission's Verified Complaint with my Answers and a 35-page Affidavit dated 2/17/2016.  These acts of discrimination are crimes under 18 U.S.C. §§ 241, 245 , & 1503(a) (*inter alia*, due to the unlawful removal of my 4 U.S. District Court licenses retaliation for *using* federal courts). The actions of the Indiana Supreme Court and other federal courts who assisted in the crimes may also be **hate crimes** to the extent they caused mental harm to a person with brain damage that increased the pain associated with so many broken bones.  18 U.S.C. § 249

In Indiana, **violating civil rights** is a crime.  IC 35-46-2-1

**No prosecution happened, state or federal.**

*Straw v. Indiana Supreme Court*, 17-1338 (7th Cir. 7/6/2017) (7th Circuit hired my *appellee* the Indiana hearing officer, made him

a judge, and defended the removal of 5 law licenses with no *bona fide* hearing, which was an ADA and 5th Amendment violation each time); *Straw v. Indiana Supreme Court, et. al.*, 17-2523 (7th Cir. 2017).  12/29/2022: <mark>2,145 days of suspension</mark> on a **180-day Indiana Supreme Court suspension** commencing **2/14/2017**.  *In re Straw*, [68 N.E.3d 1070](#) (Ind. 2/14/2017).   This caused 4 reciprocal federal law license suspensions for the same period of time.  Well over <mark>10,000 total law license suspension days</mark> so far.  I refute each point made in the Indiana Supreme Court ORDER here:  [http://InReStraw.andrewstraw.com](#)   The Virginia State Bar 100% rejected this Indiana discipline, the discipline order not demonstrating crime, dishonesty, or even any ethical violation by me.  [VSB said](#) I proved this at the **"clear and convincing"** level.

V. <mark>Court filing omissions constituting fraud.</mark>  4 different officers of the Indiana Supreme Court filed documents **omitting mitigating facts** about me, such as having **no disciplinary history**, **not committing a crime**, and **not doing anything dishonest** to be suspended for nearly **6 years**.  These included a **false hearing**

**officer report** that deliberately refused to discuss mitigating factors and a **false sanction ORDER** that repeated the same false message. It is a crime to mislead the Indiana Supreme Court and the other courts that relied on these lies through omission. *See*, http://mitigation.andrewstraw.com

VI. **NO RESTITUTION, NO HEALTH CARE.** As of November 28, 2022, I have not received any Camp LeJeune Family Member Program health coverage specifically to recover from the above criminal violence to my body and mind. *Straw v. Wilkie*, 32 Vet. App. 374, 375 (2020); *Straw v. Wilkie*, 20-2090, 843 F. App'x 263 (Fed. Cir. 1/15/2021). After **7 years of litigation**, the federal courts failed me and **narrowly construed this law** in violation of U.S. Supreme Court precedents. *Tcherepnin v. Knight*, 389 U.S. 332, 336 (1967) ("we are guided by the familiar canon of statutory construction that remedial legislation should be construed broadly to effectuate its purposes"). As of December 29, 2022, I have not been compensated fully for the damage from the car wreck (my lawyer said settlement was only about **10% of the damage done**, permanent to my body) and I have received NO

compensation from the federal government for my own U.S. Marine Corps **criminal poisoning and infant brain damage** or the criminal **death of my mother** after **concealing the poisoning and lying about it** until the federal courts said it was too late to sue. *Straw v. United States*, 16-17573-GG (11th Cir. 5/22/2019); *Straw v. North Carolina*, 20-1295 (4th Cir. 2020); *Straw v. U.S.*, 21-1596 (Fed. Cir. 2021) **(DENIED)**.  The "Camp LeJeune Justice Act of 2022" will likely change this outcome.  Public Law 117-168, SEC. 804.  The United States has been betraying me consistently since it started **lying to my parents through omission** and denying me justice in 1968, while still in the womb.  Hiding the poisoning of myself and my mother meant that my ability to sue for FTCA damages ended in <u>1980</u>, when I was 11 years old and completely unaware that my poor health was the result of this poisoning.  My mother's breast cancer appeared in 1994 and she died in 1997 with *no idea* that Camp LeJeune was the cause.  While the federal court above North Carolina agreed that the lack of a latent disease exception made the statute of repose unconstitutional, the MDL Court and the 11th Circuit imposed a

time limit that violates the North Carolina state constitution. *Jones v. U.S.*, [751 F. Supp. 2d 835](), 842 (E.D.N.C. 2010) ("Accordingly, § 1-52(16)'s statute of repose is likely **unconstitutional** as applied to **cancer under the North Carolina's Constitutional right to open courts**. Thus, interpreting § 1-52(16)'s statute of repose to **exclude latent diseases** saves the statute from "grave doubts" regarding its constitutionality. * * * The Court finds that the North Carolina Legislative did not intend the 10 year statute of repose in § 1-52(16) to refer to **latent diseases**."). It is not fair in the least that I have been stripped of all compensation for these crimes and left in poverty and humiliation as a crime victim under state and federal law, including the Uniform Code of Military Justice. *Feres* doctrine was also used. CLJA of 2022 removes all these defenses and creates a strict liability tort.

VII. In 2022, I have received **a small SSDI payment** in the amount of **$1,275 per month**, plus I am enrolled in Medicare (not available in the Philippines), but these benefits are based on my own brief work record up to when the Indiana Supreme Court started

discriminating against me in earnest in 2001 and considering work a short time after, up to June 2003, when I moved to New Zealand with no employment. Fortunately, the Biden Child Tax Credit helped last year with another **$250 per month. $1454 total thus per month** in 2021. Supporting 6 people in total, my SSDI at $1,275 is about 41% of the poverty line in the USA. My SSDI will be **$1,386** per month in 2023.

VIII. I sought Workers Compensation in Indiana (**IN WCB**). This was denied by saying I could not claim to be incompetent because I still have a law license, **even if suspended for incompetence**. *A.S. v. Indiana*, 22A-EX-679 (Ind. Ct. App. 2022). Indiana courts can hold diametrically opposed factual conclusions as it deprives me of benefits and law licenses without compensation.

IX. USE OF COURTS. Some courts criticize my attempts to get justice, but in the total absence of justice, I am going to keep asking in any way available to me, regardless of how uncomfortable and unwelcome judges make me feel. *Straw v. Avvo*, 20-35971, 21-35848 (9th Cir. 2022) – **ADA Titles II/V retaliation and 3 types of Washington State torts.**

*Straw v. U.S.*, 21-1597 (Fed. Cir 2021.) – **5th Amendment Takings under Tucker Act – Indiana law license.**

*Straw v. U.S.*, 21-1598 (Fed. Cir. 2021) – **5th Amendment Takings under Tucker Act – 4 U.S. District Court licenses.**

Use of the courts is a First Amendment right under U.S. Supreme Court precedents that the 7th Circuit and lower federal courts have deprived from me in violation of due process under the 5th Amendment and federal criminal law. *E.g.*, 18 U.S.C. §§ 241, 245, 249, 1503(a). *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972):

> Certainly **the right to petition** extends to **all departments** of the Government. The **right of access to the courts is indeed but one aspect of the right of petition**. See *Johnson v. Avery*, 393 U. S. 483, 393 U. S. 485; *Ex parte Hull*, 312 U. S. 546, 312 U. S. 549.

*McDonald v. Smith*, 472 U.S. 479, 486 (1985), has even stronger language in support of the right to petition government:

> McDonald correctly notes that the **right to petition the Government requires stringent protection**. "The very idea of a government, republican in form, implies a right on the part of its citizens to meet peaceably for consultation in respect to public affairs and to petition for a redress of grievances." *United States v. Cruikshank*, 92 U.S. 542, 552 (1876). The **right to petition** is "among the **most precious of the liberties**

==guaranteed by the Bill of Rights==," *Mine Workers v. Illinois Bar Assn.*, 389 U.S. 217, 222 (1967), and except in the most extreme circumstances ==citizens cannot be punished for exercising this right== "without violating those fundamental principles of liberty and justice which lie at the base of all civil and political institutions," *De Jonge v. Oregon*, 299 U.S. 353, 364 (1937). As with the freedoms of speech and press, exercise of the right to petition "may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials," and the occasionally "erroneous statement is inevitable." *New York Times Co. v. Sullivan*, supra, at 270-271. The First Amendment requires that we extend substantial "`breathing space'" to such expression, because a rule imposing liability whenever a statement was accidentally or negligently incorrect would [472 U.S. 479, 487] intolerably chill "would-be critics of official conduct . . . from voicing their criticism." 376 U.S., at 272 , 279.

\* \* \*

The Court previously has emphasized the essential unity of the First Amendment's guarantees:

"It was not by accident or coincidence that the rights to freedom in speech and press were coupled in a single [472 U.S. 479, 490] guaranty with the rights of the people peaceably to assemble and ==to petition for redress of grievances==. All these, though not identical, are ==inseparable==. They are cognate rights, . . . and therefore are united in the First Article's assurance." *Thomas v. Collins*, 323 U.S. 516, 530 (1945).

https://caselaw.findlaw.com/us-supreme-court/472/479.html

*Domanus v. Locke Lord LLP*, 847 F.3d 469, **483** (7th Cir. 2017)

The 7th Circuit illegally banned me from courts with monetary fines, violating criminal law, due process, and the 8th Amendment.

X. **ASYLUM & COURT DISCRIMINATION**. I am an [asylum seeker in the Philippines](#) (2019-2022) and officially a "person of concern" (POC) of the Philippines Department of Justice, due to my claims that my human rights as a disabled person and lawyer were pervasively and severely injured in the USA, *especially by state and federal courts*. A ==crime victim== from the deliberate and unrepentant actions of state and federal officers and courts should be ==assisted== in getting relief, not opposed by any lawyer, as an ethical matter. ABA Model Rule 8.4(g). *See also*, **Judicial Conduct Rule 2.3**. No lawyer has any business opposing the justice I demand and no court has any business granting relief, *petit* ou *grand*, to someone who violated me. No court has any business causing *more damage* by comparing me to an insane person or a criminal, as the 7th Circuit has unlawfully and untruthfully done by comparing me to at least 3 odious cases:

*Lee v. Clinton*, [209 F.3d 1025](#) (2000) (**insane appellant** with **tinfoil hat**); *In Re Wick*, [628 F.3d 379](#) (2010) (attorney **fraudulently overbilled clients**). *Mack v. City of Chicago*, [723 Fed. Appx. 374](#) (7th Cir. May 23, 2018) (appellant was **convicted murderer** serving 60-year sentence).

U.S. Marshal officers (2!) came from Chicago to my public housing home in Elgin, Illinois, to speak with me about how I was irritating judges by sending emails to them. I explained that I meant them no harm and the deputies told me it would be best not to write them directly anymore. This clearly violated the First Amendment right to petition government, which is not arguable. The U.S. Supreme Court said in the *Sullivan* case that judges must have thick skins and these Midwest judges shoot from the hip *to injure anyone who questions them* or their lawless pronouncements. I want them all to resign.

**OTHER REFERENCES**

http://InReStraw.andrewstraw.com

Problems with suspension.

- ==No *bona fide* hearing== (only *in-absentia* and over my objections) was provided at the Indiana state court level. The verified complaint was filed too late at over 12 months, making my suspension **deemed dismissed** by Ind. Adm. & Disc. R. 23, Sec. 10(h).

- ==No hearing at all== was provided by the 4 federal courts which reciprocally imposed Indiana's suspension.

- ==No mitigating factor== was considered, including that I was not accused of any crime or dishonest act and Virginia 100% rejected this Indiana suspension, calling it a "drive-by shooting."

- Excluding mitigating facts is ==a criminal act to mislead the Indiana Supreme Court== and any other court thereafter which choose to cite to the Indiana suspension without closer analysis.

- Indiana imposed what can only be called a ==reciprocal suspension of no discipline==. The 4 federal suspensions were ==reciprocal suspensions of reciprocal suspensions of no discipline==.

- The original 4 federal courts on which Indiana relied did *not* impose any Rule 11 sanction and in fact provided <mark>no Rule 11(c) proceeding</mark> to defend myself from such a sanction.
- Tactics civil rights violator courts use: DARVO

http://mitigation.andrewstraw.com * * *

http://links.andrewstraw.com

http://discipline.andrewstraw.com

http://dueprocess.andrewstraw.com

http://www.andrewstraw.com

http://po.andrewstraw.com

http://reform.andrewstraw.com

http://uscourts.andrewstraw.com

http://ca7.andrewstraw.com