IN THE INDIANA SUPREME COURT

Case No.: _____

In the matter of            )
Andrew U. D. Straw          )

PETITION FOR REDRESS OF GRIEVANCES

Andrew U. D. Straw
241A Brittany Dr
Streamwood, IL 60107-1389
Tel. (574) 971-0131
Fax (877) 310-9097
andrew@andrewstraw.com
*Petitioner, Pro Se*

Comes now Petitioner, Andrew U. D. Straw, and seeks relief from this Honorable Court regarding disability-based discrimination against him in his application to become a member of the Indiana bar and during his time working as a staff member of the Indiana Supreme Court Division of State Court Administration.

I applied to take the February 2002 Indiana bar exam to the Indiana State Board of Law Examiners. I answered the questions on the application dutifully, fully, and honestly. The questions included

29  invasive questions about mental disabilities, including bipolar disorder.

30  I answered them.  I have bipolar disorder.

31  I went through the character and fitness process and was found fit
32  in all other respects.  I have no criminal record in Indiana or any other
33  state.  Despite this, I was commanded to come before a committee of
34  people to discuss and explain every instance of mania I had ever
35  experienced.  This committee included some people I worked with at the
36  Indiana Supreme Court, where I was an employee at the time.  The
37  committee demanded descriptions of when I became manic in detail.  It
38  was a torture, so painful that it made me unwell.

39  On the date of taking the oath to become a lawyer, June 7, 2002, I
40  stood before the justices and the many of the people on the Indiana
41  State Board of Law Examiners and stated my name.  I felt stripped of
42  dignity, with those people watching after having demanded
43  embarrassing information from me in such an aggressive and
44  insensitive manner.  That night, I became manic at home.

45  Because I am responsible about my illness, I immediately called
46  my doctor, and he said I needed to take 4 weeks off work from the
47  Indiana Supreme Court.

48    To be quite honest, it felt like the Indiana Supreme Court had
49 repeatedly kicked me in the hip and leg that had been crushed on my
50 way to work at the Court on February 22, 2001.  When I returned to
51 work in July of 2002, I received an aggressive, vague letter from Chief
52 Justice Randall Shepard and Lilia Judson attacking me and firing me.

53    I gave my all to the Indiana Supreme Court, and in the first six
54 months of my service, I got to know many of the over 400 trial judges
55 and court staff in Indiana as I gathered their statistics and provided
56 disability-related trial court services.  My idea for a national database
57 of protective orders at the FBI was deemed one of the top 8 e-
58 government ideas in the United States eight years before Indiana
59 implemented such a system statewide.  I came up with this idea while
60 at the Indiana Supreme Court, and when Harvard's Kennedy School of
61 Government honored it with national finalist status, this was an honor
62 for the Court as well.

63    My supervisor, Kurt Snyder, just weeks before the car accident
64 stated that he wanted to promote me to a director position.

65    Unfortunately, instead, I was in a near-fatal, 6-car accident and
66 the Court and its executive director, Lilia Judson, soured on me.  I was

67  physically broken when I came back to work, and severely depressed
68  due to the damage the entire rest of the time I was at the Court.  I was
69  on much stronger medication, because I became manic between major
70  surgeries when the surgeon took me off my medications cold turkey due
71  to damage to my liver.  There was no compassion whatsoever from
72  Executive Director Judson, and my supervisor was switched to Mr. Ron
73  Miller, who made derogatory remarks about bipolar disorder *after I*
74  *stated that I have this in my bar application.*
75      Mr. Miller placed all of my duties, broken down into component
76  parts, on a white board in the hallway outside my office so everyone
77  could see who walked by.  After each thing that I did, he would place a
78  line through it.  Everyone saw that he did this, including Lilia Judson,
79  and she refused to let me have another supervisor when I asked, even
80  after I stated that I have bipolar disorder directly to her and that Miller
81  made derogatory comments against bipolar.  Miller ordered me to take
82  remedial Microsoft Office classes, despite the fact that I was corporate
83  counsel to the famous transportation planner who designed the
84  Interstate Highway System and the Metro in Washington, DC.  Despite
85  the fact that I had provided corporate counsel services to Autometric,

4

86  which provides satellite surveillance that keeps all U.S. air traffic
87  (military and civilian) safe from terrorist attack.  Remedial Microsoft
88  Office was meant to humiliate me, and it did so.
89      No other person in the office was subjected to this treatment.  No
90  other employee's duties were placed on a whiteboard for the entire
91  Division of State Court Administration to see.  This was abuse in
92  employment, and disability discrimination by the Indiana Supreme
93  Court's officers.
94      I got my bar admission on June 7, 2002, but it came only because I
95  signed a consent agreement prior to that date stating that I would
96  report to the Board about seeing a doctor regularly, taking medications,
97  inter alia.  Later, when I moved to New Zealand and put my license in
98  inactive status, I refused to provide this information.  The Board
99  demanded that I provide it with a show cause order, and I responded
100 with a letter explaining how the Board's consent agreement was
101 violating the Americans with Disabilities Act, Title II.  The conditions
102 were promptly removed and the consent agreement removed.
103     My license has been active since 2010, and there have been no
104 disciplinary actions taken against me.  I have at various times

105  communicated with Lilia Judson to express my disappointment with
106  her actions over the years, as well as the former Chief Justice of
107  Indiana.
108    I have learned from other lawyers that the Board has continued to
109  treat lawyers with mental disabilities in the same inappropriate and
110  violating fashion it treated me.  There have been hearings,
111  interrogations, just like with me.  There have been consent agreements,
112  just like with me.  The continued discrimination by the Board, a
113  Supreme Court agency, shows lack of remorse.  All of us who have been
114  discriminated against deserve redress.  I am speaking for myself only,
115  but all of us deserve redress.
116    All of the Court's Board's actions on these matters have remained
117  violations of the Americans with Disabilities Act, Title II, as well as the
118  retaliation provisions of the ADA.  Finally, the U.S. Department of
119  Justice entered into a consent agreement with the Louisiana Supreme
120  Court in August of 2014, forcing that state court to abandon the same
121  discriminatory practices and procedures that the Indiana Supreme
122  Court and its Board of Law Examiners have been engaging in.

123    Removing disability-based discrimination from law school
124 admissions and bar admissions processes is a big part of my career at
125 this time.  My federal law suit, *Straw v. ABA Section of Legal*
126 *Education and Admission to the Bar, et. al,*, 1:14-cv-05194 (ND IL
127 2014), includes all 50 of the top U.S. law schools, who all admitted to
128 discriminating on the basis of disability in "LSAT flagging" by their
129 LSAC.  Now is the time to open the legal profession to disabled lawyers,
130 and stop the immoral and illegal discrimination against them.
131    "Disabled U.S. citizens need disabled lawyers."  We do not need a
132 legal system that hobbles and humiliates lawyers with disabilities,
133 making it even harder to be part of this profession.  The Indiana
134 Supreme Court has been injuring disabled lawyers up to now, including
135 myself, and it needs to stop immediately.

### REQUEST FOR RELIEF

137    I believe this honorable Court is well aware of the level of pain it
138 has caused me, and continues to cause other lawyers with disabilities,
139 in violation of the Americans with Disabilities Act.  I have asked this
140 Court to retroactively, nunc pro tunc, make so that I never had a
141 consent agreement.  I ask that this Court immediately abolish asking

142  information about disabilities in the application to be a member of the
143  bar. It is purely discriminatory to ask it, as any questions about
144  character and fitness and criminal record are asked elsewhere in the
145  application and the interview.
146      I ask most respectfully for Ms. Judson to resign or be removed.
147  Her attitude toward my mental and physical disabilities and her
148  punishing me with a supervisor who was overtly prejudiced were too
149  much. She must not be allowed to continue discrimination as a de facto
150  or de jure Court policy.
151      I ask for monetary compensation for the discriminatory treatment
152  I received at this Court, both in bar admissions and my employment. I
153  have only been fired from one job in my life, and it was at the Indiana
154  Supreme Court. It was due to discrimination by the Court and its
155  employees. Discrimination from the Chief Justice of Indiana. The pain
156  from this after my service to the Court and the State of Indiana was
157  severe. I still have pain from my injuries sustained on the way to work
158  at the Court. I respectfully ask for monetary compensation as the Court
159  deems truly just under the circumstances, without regard to any statute
160  of limitations or any other excuse for allowing discrimination to stand.

161 I ask for the justice that only this honorable Court can give me, directly
162 and without reservations, freely, and without denial, including an
163 apology. I ask for justice under Section 12 of the Indiana Bill of Rights.
164 My earnings after being fired by the Indiana Supreme Court
165 plummeted. As an attorney, earning the same Division salary of
166 $53,000 over the past 12 years (assuming no raises), I should have
167 earned $636,000 if I had simply stayed in the Indiana Supreme Court's
168 employ, but instead I earned less than $150,000 total during the past 12
169 years. Approximately $500,000 lost. Adding pain and suffering to this,
170 the amount needs to be more. 4x the earnings lost is appropriate to
171 compensate the pain and emotional injury and suffering. $500,000 +
172 ($500,000 x 4) = $2,500,000. The amount I seek as redress is
173 **$2,500,000**.

174 In sum, I seek $2,500,000 from the Indiana Supreme Court, plus
175 the removal of Ms. Judson as Executive Director of the Division of State
176 Court Administration, plus a letter of apology signed by the justices. In
177 addition, I seek removal of discriminatory questions and procedures in
178 bar admissions and in the admission and discipline rules of the Indiana
179 Supreme Court. After waiting 13 years since my near-fatal accident


serving this Court and the discrimination I faced during my time at the Court, getting these remedies will be the justice I have hungered for over a long period of time. I thank the Court for considering my Petition and Request for Redress, and I ask that only those justices who were not on the Court at the time of these injuries to be involved in deciding this matter. I am asking for recusal of Chief Justice Dickson and Justice Rucker.

I, Petitioner Andrew U. D. Straw, verify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the above statements and factual representations are true.

Respectfully submitted,

*[signature: Andrew U. D. Straw]*

ANDREW U. D. STRAW
Indiana Bar Number: 23378-53
241A Brittany Drive
Streamwood, IL 60107
Telephone: (574) 971-0131   Fax: (877) 310-9097
andrew@andrewstraw.com

August 15, 2014

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petitioner's **Petition for Redress to the Indiana Supreme Court**, with Exhibits A-D has been served upon the following by Email, and served upon the following by certified United States Mail, postage prepaid this 15th day of August, 2014:

> Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court
> 100 N. Senate
> Indianapolis, IN 46204

Further, I certify that I am sending an emailed copy of the foregoing PETITION with EXHIBITS A-D to the following on this 15th day of August, 2014:

> U.S. Department of Justice, Civil Rights Division

Respectfully submitted,

*/s/ Andrew U.D. Straw/*

Andrew U. D. Straw (Atty. #23378-53)
241A Brittany Dr
Streamwood, IL 60107-1389
Tel.: 574-971-0131  Fax: 877-310-9097
Email:   andrew@andrewstraw.com
*Petitioner, Pro Se*