Print  |  Close Window

EX 7

**Subject:** RE: Petition and Relief
**From:** "Rodeheffer, Brenda" <brenda.rodeheffer@courts.IN.gov>
**Date:** Fri, Sep 19, 2014 3:16 pm
**To:** "andrew@andrewstraw.com" <andrew@andrewstraw.com>
**Attach:** image001.jpg
image002.jpg
image003.jpg

Dear Andrew:  I have reviewed your old employment file and your Petitions to the Supreme Court.  Because I provide reports to the Supreme Court on cases in which a judge has been sued, I am also aware of other litigation you have filed.  With this background, I am responding to the email that you sent to me on September 16, 2014.

The Indiana Supreme Court both complies with the Americans with Disability Act Amendments Act of 2008, and supports the legal rights of persons with disabilities. The Code of Judicial Conduct prohibits discrimination based on disabilities.  Accommodations of persons with disabilities to allow full access to employment, justice and services of the Court is an important mission of the Court.

Title I of the Americans with Disabilities Act provides that if an employee believes discrimination has occurred, the employee must file a complaint with the Equal Opportunities Commission or the Indiana Civil Rights Commission within 300 days of the alleged discriminatory act.  If a complaint with the EEOC is not filed in that time limit, no employee cannot seek redress of any kind against his employer for alleged discrimination.  Any rights of redress you had regarding your employment with the Division of State Court Administration expired 300 days from the termination of your employment in 2002.  No entity now has jurisdiction over those claims.  Further, if you had made a timely complaint, you would not have been successful.  Your problems working for the Division are well documented, including your written admission that you were still abusing time after being given warning.  A person with disabilities must meet the requirements of the job to have a cause of action.  From the record, it appears that every accommodation you made was granted; yet, you did not meet the standards required for your position.

Title II of the Americans with Disabilities Act applies to the grievances you had against the Board of Law Examiners.  Just as you waived your Title I claim, you long ago waived any claim you had against the Board of Law Examiners.  You had 180 days to file with the Department of Justice and you did not do so.  Moreover, you were not discriminated against in regards to your Bar application.  The Bar is entitled to determine if you are impaired at the time you are seeking admission.  There was no public announcement that your admission was conditional.  You were treated as every other new attorney on the day of your ceremony.

When I wrote you that the Court was not seeking a person to head a disability rights office for the Court, I was not saying that there was no one responsible for such issues.  I was and am the person who handles those issues on behalf of the Court.  The Court also has a person designated as ADA Coordinator to assist Indiana trial courts with disability accommodations.  If you know of any current situation where someone is being denied access, please do share it with me so the Court and/or Coordinators may take appropriate action.

I recognize you have had a difficult time for many years of your life.  I hope you are able to get some assistance and are able to move forward from your past difficulties, and I also hope your emotional and physical pain abates as time passes.


Regards,

Brenda Rodeheffer

Director, Office & Employment Law Services
Division of State Court Administration
30 S. Meridian St., Suite 500
Indianapolis, IN 46204
(317)234-3936
Fax: (317) 233-6586
Brenda.rodeheffer@courts.IN.gov

---

**From:** andrew@andrewstraw.com [mailto:andrew@andrewstraw.com]
**Sent:** Tuesday, September 16, 2014 6:19 PM
**To:** Rodeheffer, Brenda; ADA Complaints US DOJ; Molly.Moran@usdoj.gov
**Cc:** s1@in.gov; s2@in.gov; s3@in.gov; s4@in.gov; s5@in.gov; s6@in.gov; s7@in.gov; s8@in.gov; s9@in.gov; s10@in.gov; s11@in.gov; s12@in.gov; s13@in.gov; s14@in.gov; s15@in.gov; s16@in.gov; s17@in.gov; s18@in.gov; s19@in.gov; s20@in.gov; s21@in.gov; s22@in.gov; s23@in.gov; s24@in.gov; s25@in.gov; s26@in.gov; s27@in.gov; s28@in.gov; s29@in.gov; s30@in.gov; s31@in.gov; s32@in.gov; s33@in.gov; s34@in.gov; s35@in.gov; s36@in.gov; s37@in.gov; s38@in.gov; s39@in.gov; s40@in.gov; s41@in.gov; s42@in.gov; s43@in.gov; s44@in.gov; s45@in.gov; s46@in.gov; s47@in.gov; s48@in.gov; s49@in.gov; s50@in.gov; Jason Straw, Captain, U.S. Air Force (ret)
**Subject:** Petition and Relief

Dear Ms. Rodeheffer,

Clerk Smith wrote me and said that the Supreme Court would not be reviewing or taking any action on my Petition for Redress of Grievances on the basis of the Court's discrimination both in my bar admission process in 2002, and simultaneously in my employment with the Court in 2001-2002. He said he sent my materials to you.

I feel that Clerk Smith has misrepresented the original jurisdiction of the Court, which includes the power to regulate bar admissions. Indiana Constitution, Article 7, Section 4.
Further, the Court has original jurisdiction to govern itself as an inherent power of the Court, and it must comply with the Americans with Disabilities Act, Title II, as per *Tennessee v. Lane*, 541 U.S. 509 (2004).

Prior to receiving this letter from Clerk Smith, I made a petition to the legislature, as is my right under Indiana Constitution, Article 1, Section 31, to address my grievances against the Court.

Additionally, I have made an Americans with Disabilities Act complaint to the ADA complaints email.

I have been discriminated against simultaneously in bar admissions in Indiana and in my employment at the Indiana Supreme Court Division of State Court Administration. I had a good relationship with the 400+ courts, trial judges, and trial court staff with whom I worked. With no prompting from anyone, I took the initiative to get a trial judge software to help him with his vision impairment. I took the initiative to meet with the Indiana Association for the Deaf to see how a pilot of court transcription automation could help those with hearing impairments. They

told me no one from the Indiana Supreme Court had ever approached them to offer any help or to involve them in Court initiatives.

It is ironic that Lilia Judson, who never assigned *anything* related to disability rights to me, then discriminated against me on the basis of my physical and mental disabilities, when I was going out of my way to help disabled Hoosiers who use the judicial system.

She fired me, using particularly nasty but vague language.  She mentioned some "counseling" about violating some "rule."  She was angry that I used the Internet a lot, but this was a major part of my employment if you look at my job description, working on trial court technology and doing large amounts of research and communications.  I discovered, for instance, that the Case Management System (CMS) company in 2002 was under federal investigation for fraud and accounting irregularities, and I advised Ms. Judson to beware of them.  I believe when the CMS did not work properly and it revealed a waste of millions of dollars, she wanted to make sure my early research and advice was not examined.  This is another reason for her discrimination.  Her negligence cost the State of Indiana millions of dollars.

1.  I was in a 6-car accident on the way to the Court.  The Chief Justice of Indiana was supposed to be aware of the weather and let employees know when they should not come due to danger.  There was ice on the ground that morning and many accidents happened.  I received no call from the Chief Justice or anyone else at the Court.

2. Initially, when I came back to work in July of 2001, I had handicap parking right next door to the Division of State Court Administration's building.  After a few weeks, the Court stopped providing that and I had to park at the parking garage to the west and had to walk about 5 blocks, every step in excruciating pain from the damage to my crushed hip and ankle and leg.  This was discrimination based on my physical disability, and the Court's taking away the parking accommodation was unnecessary, a violation of my rights, and downright mean.

3.  I explained in my petition for redress of grievances the discrimination based on my bipolar disorder.  This discrimination went on from the moment I filed my application to take the bar examination until I was fired, and afterward.  The Court knew that I had it, and suddenly my supervisor knew it, and he started bad-mouthing people with bipolar disorder.  The Board of Law Examiners forced me to have a star chamber-type interview to talk solely about my bipolar disorder, and some of the people in that interview were people I worked with.  That was the most embarrassing, humiliating interview I have ever had in my life.  Mary Godsey was there, and I interacted with her in my work.

4.  Executive Director Judson called me **"disgruntled"** in a public forum in 2010, even though all I was doing is remarking about court statistics and how they are gathered and processed.  South Bend Tribune, *Court Records Issue Solved by Area Judge*, November 14, 2010.

5. These are separate, but related issues: in 2010, I decided to seek the Indiana Democratic Party's nomination to run for circuit court judge in Elkhart County. The local Party made it clear that I would not be slated for this seat because of my mental disability. In 2013, I was interviewed for superior court judge in St. Joseph County.

My physical disability was caused by my traveling to the Supreme Court for work. My mental disabilities, including bipolar, were caused by water contamination at Camp LeJeune Marine Base, where I was born and my father was stationed as a U.S. Marine. His affidavit is attached. The physical injuries made my mental disabilities worse.

I ask for relief under the Indiana Constitution, Article 1, Section 12. I ask it under the original jurisdiction of the Court regarding **bar admissions**. Article 7, Section 4. I ask for relief under the Americans with Disabilities Act, Title II, because twice now the Indiana Supreme Court Clerk of Court has denied me judicial services, just like what happened with the illegal consent agreement that was attached to my license from 2002 to 2006. His actions violate the ADA as interpreted in *Tennessee v. Lane*. His actions renew the injuries, which have happened over time. From 2001, when my car accident happened, through the discrimination by the Division of State Court Administration and the Chief Justice when he and the Executive Director fired me, including the consent agreement with the BLE, which specifically mentioned bipolar disorder, through the claims of "disgruntled" employee, and now to the withholding of judicial services when my claims are 100% based on disability discrimination by the Court and its agencies.

And, as you know because you informed me, the Court has refused to create an office or officer to handle disability issues. This is unlike with gender and race, and it is discriminatory to provide women and minorities with such officers and not disabled lawyers and judges. JLAP is not a civil rights office, but a place to prevent harm to the public. There needs to be civil rights for disabled people at the Court, and there is not now.

It is a long-term pattern, and it needs to be solved. If the Court and the Clerk stick their heads in the sand and hope this goes away, I will take this to federal court and explain the whole thing in that context, and I will do the most liberal discovery that is available to me. I will seek out other people who have been discriminated against. I already have some who have come to me on their own.

I am not just an isolated, disgruntled ex-employee. I am a person with multiple valid grievances that have been denied, and I will not rest until I get justice from this Court for the wrongs done to me by it.

Proverbs 3: 27
"Withhold not good from them to whom it is due, when it is in the power of thine hand to do it."

This proverb is simple and direct, and is the motivation for Indiana Constitution, Article 1, Section 12:

Section 12. Openess of the courts, Speedy trial

Section 12. All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay.

Our Indiana Supreme Court has been closed to my grievance against it by the Clerk of that Court. It and its Clerk are violating the Indiana Constitution, and refusing me the justice due to me, violating the scriptural command in Proverbs 3:27. It may also be denying Due Process and Equal Protection guarantees of the 14th Amendment.

I am not sure what you could offer me to dissuade me from continuing my search for justice, but my demands are in the Petition for Redress of Grievances. If you provide me with justice and are able to give me the things I asked for, I see no reason to go to federal court or make any further demands. I do reserve the right to go to federal court, however, if I am rebuffed yet again.

I am copying this message to the ADA Complaints Email, to the chief of the U.S. DOJ Civil Rights Division, Jason Lee Straw (my brother), all members of the Indiana Senate, and several others.

Sincerely,

Andrew Straw

__



_____
Andrew U. D. Straw
Attorney at Law, admitted to practice in:
U.S. District Court, Northern District of Illinois

U.S. District Court, Northern District of Indiana
U.S. District Court, Southern District of Indiana
U.S. Court of Appeals for the Fourth Circuit
Indiana Supreme Court


1900 E. Golf Road, Suite 950A
Schaumburg, IL 60173
(312) 985-7333 (T)
(877) 310-9097 (F)
andrew@andrewstraw.com
www.andrewstraw.com

Founder, Disability Party
http://www.facebook.com/DisabilityParty



The information transmitted in this e-mail message and any accompanying attachments are confidential and protected by legal privilege. The content contained herein is intended only for the use of the individual(s) named above. The distribution, copying, disclosure or other use of this e-mail by unauthorized persons is prohibited. If you have received this transmission in error, immediately notify the sender or Andrew Straw, Esq. and permanently delete this transmission from your system, including attachments. Thank you for your cooperation.

Copyright © 2003-2016. All rights reserved.