Filed: 1/4/2023 3:41 PM
Monroe Circuit Court 1
Monroe County, Indiana

EX 10

FILED

JAN 1 2016

CLERK OF THE
INDIANA SUPREME COURT
COURT OF APPEALS
AND TAX COURT

# IN THE SUPREME COURT

## OF THE

## STATE OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | Cause No. 98S00-1601-DI-12 |
| ANDREW U.D. STRAW | ) | |
| Attorney No. 23378-53 | ) | |

## VERIFIED COMPLAINT FOR DISCIPLINARY ACTION

The Indiana Supreme Court Disciplinary Commission, having found reasonable cause to believe the Respondent's acts, if proved, would warrant disciplinary action, by its Executive Secretary, G. Michael Witte, pursuant to Indiana Admission and Discipline Rule 23, Section 12, files and presents this Verified Complaint for Disciplinary Action against Andrew U.D. Straw. The Verified Complaint is as follows:

1.      Andrew U.D. Straw ("Respondent") is an attorney in good standing, who was admitted to practice law in the State of Indiana on June 7, 2002, subjecting him to the Court's disciplinary jurisdiction.

2.      At all times relevant to this proceeding, Respondent has practiced law in Streamwood and/or Schaumburg, Cook County, Illinois.

## COUNT I – STRAW V. KLOECKER

3.      In or about 2013, Respondent sued Paddock Publications for defamation in Cook County Circuit Court in Illinois.  Attorney John Kloecker ("Kloecker") of the law firm of Locke Lord LLP represented Paddock Publications in the action.  Respondent represented himself.

4.      In the course of the 2013 action, on February 13, 2014, Kloecker sent to Respondent a letter which referenced a statute requiring liability insurers to report to Medicare

the details of settlements, judgments, awards or other payments to Medicare recipients ("the Medicare letter").

5.      In the Medicare letter, Kloecker stated that the statute imposed "steep penalties for noncompliance with its reporting obligations of $1000 per claim per day."

6.      In the Medicare letter, Kloecker asked Respondent to disclose whether he was enrolled in the Medicare program, his medicare number or social security number, his first and last name, his date of birth and his gender.

7.      On or about February 27, 2014, Respondent filed a lawsuit as a *pro se* plaintiff against Kloecker and Locke Lord LLP, in the United States District Court, Northern District of Illinois, under cause number 1:14-cv-01420.

8.      In the complaint, Respondent alleged that Kloecker and Locke Lord LLP engaged in civil RICO racketeering activity by sending the Medicare letter.

9.      In the complaint, Respondent requested $15 million in damages and injunctive relief.

10.      Locke Lord LLP was not a "person" that could be the target of a civil RICO claim.

11.      Respondent allegation that the letter was "racketeering activity" was a mischaracterization.

12.      Respondent was not entitled to $15 million in damages or injunctive relief.

13.      Respondent's lawsuit against Kloecker and Locke Lord LLP was frivolous.

14.      On or about March 5, 2014, the district court issued an order and memorandum opinion dismissing the lawsuit.

15.      In its order, the district court ruled that the lawsuit filed by Respondent was

2

frivolous.

16.     In its order and memorandum opinion, the district court stated, "In sum, Straw's effort to bootstrap the Letter into a criminal violation through which he hopes to mulct $15 million from Kloecker and Locke Lord must be characterized as legally frivolous in the sense employed in Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000)."

17.     In its memorandum opinion, the district court called the lawsuit filed by Respondent an "attack."

18.     In its memorandum opinion, the district court called the prayer for relief in the complaint "bizarre."

19.     In its memorandum opinion, the district court stated, "It might have been expected that a lawyer such as Straw would have looked into the requirements of civil RICO before shooting from the hip as he has done in his Complaint, filed as it was less than two weeks after he received the Letter."

20.     On or about March 19, 2014, Respondent filed a request for reconsideration.

21.     On or about March 26, 2014, the district court denied Respondent's request for reconsideration.

22.     On or about April 3, 2014, Respondent appealed the district court's decision to the Seventh Circuit.

23.     Respondent's appeal did not have a sound legal basis.

24.     In the course of the appeal, Respondent filed several extraneous memoranda and filings.

25.     In the course of the appeal, Kloecker and Locke Lord LLP hired counsel and filed an appellant's brief and responses to other filings by Respondent.

26.     On or about August 19, 2014, the Seventh Circuit affirmed the judgment of the district court.

27.     In its order, the Seventh Circuit stated, "We agree with the district court that Straw's lawsuit under RICO is frivolous, as is this appeal."

28.     In its order, the Seventh Circuit ordered Respondent to show cause within 30 days why he should not be sanctioned under Federal Rule of Appellate Procedure 38 for taking the appeal.

29.     Ultimately, the Seventh Circuit did not impose sanctions on Respondent.

30.     On or about August 20, 2014, Respondent filed a petition for rehearing *en banc*.

31.     On or about September 16, 2014, the Respondent's petition for rehearing *en banc* was denied.

32.     Thereafter, Respondent filed a Petition for Writ of Certiorari before the United States Supreme Court.

33.     Respondent's Petition for Writ of Certiorari was denied.

34.     By bringing a proceeding without a basis in law and fact for doing so that was not frivolous, the Respondent violated Rule of Professional Conduct 3.1.

## COUNT II – STRAW V. ABA

35.     On or about July 8, 2014, Respondent filed a lawsuit as a *pro se* plaintiff against the American Bar Association ("ABA") and 50 U.S. law schools, in the United States District Court, Northern District of Illinois, under cause number 1:14-cv-05194.

36.     In his complaint, Respondent alleged that the ABA and the 50 U.S. law schools had violated Title II and/or Title III of the Americans with Disabilities Act ("ADA"), which prohibit discrimination on the basis of disability in providing access to public entities and/or

4

public accommodations.

37.     In his complaint, Respondent alleged that he has mental and physical disabilities, and that he planned to apply to a U.S. law school for a PhD program.

38.     In his complaint, Respondent alleged that he wished "to know which law school was admitting the highest percentage of its class with disabilities", because he wished to choose a school that does not discriminate as much as other law schools.

39.     In his complaint, Respondent alleged that he was discriminated against because the ABA does not publish statistics regarding admissions of students and employment of faculty with disabilities at U.S. law schools.

40.     In his complaint, Respondent sought injunctive relief to require the ABA to include information about disabilities in its data collection efforts from law students and faculty.

41.     In his complaint, Respondent also sought injunctive relief to require each law school to collect disability information from law students and faculty and provide that information to Respondent.

42.     In his complaint, Respondent failed to allege an injury-in-fact.

43.     In his complaint, Respondent failed to establish a causal connection between the publishing of statistical information and an increased chance he will be admitted to a law school PhD program.

44.     In his complaint, Respondent did not show that it was likely that the relief he sought would redress the harm alleged by him.

45.     In his complaint, Respondent was seeking rights based on congressional findings, not actual statutory language.

46.     In his complaint, Respondent failed to state a cognizable claim against the ABA,

because the ADA does not require an entity to alter the goods or services it provides to the general public, and because Respondent did not allege that the ABA discriminated against him by denying him goods or services it provides to the public at large.

47.     Respondent's lawsuit against the ABA and 50 U.S. law schools was frivolous.

48.     On or about September 5, 2014, University of Wisconsin Law School filed a Motion to Dismiss for Failure to State a Claim.

49.     On or about September 8, 2014, Ohio State University Law School filed a Motion to Dismiss.

50.     On or about September 19, 2014, Respondent filed two responses in opposition to the two pending motions to dismiss.

51.     On or about October 8, 2014, George Mason University Law School, University of Virginia Law School and William & Mary Law School filed a joint Motion to Dismiss for Failure to State a Claim.

52.     On or about October 31, 2014, Respondent filed a First Verified Amended Complaint, in which he expressed that he no longer wished to pursue his suit against the individual law schools, and only wanted to proceed against the ABA.

53.     On or about November 11, 2014, the district court dismissed all defendants with the exception of the ABA.

54.     On or about November 21, 2014, the ABA filed a motion to dismiss the first amended complaint.

55.     On or about December 20, 2014, Respondent filed a response in opposition to the motion to dismiss.

56.     On or about January 9, 2015, the ABA filed a reply in support of its motion to

6

dismiss.

57.     On or about February 11, 2015, the district court issued a memorandum opinion and order granting the ABA's motion to dismiss, citing Respondent's lack of standing and failure to state a cognizable claim under the ADA.

58.     In its opinion, the district court cited numerous reasons why the Respondent's lawsuit failed.

59.     By bringing a proceeding without a basis in law and fact for doing so that was not frivolous, the Respondent violated Rule of Professional Conduct 3.1.

## COUNT III – STRAW V. SCONIERS

60.     In or about 2012, Respondent represented Brenda Sconiers ("Sconiers") in connection with an employment discrimination claim.

61.     On or about October 18, 2013, Sconiers brought a legal malpractice action against Respondent in the St. Joseph County Superior Court, alleging that Respondent let the statute of limitations lapse without filing Sconiers' employment discrimination action.

62.     On or about August 3, 2014, Respondent filed a lawsuit as a *pro se* plaintiff against Sconiers, her attorney Thomas Dixon ("Dixon") and the St. Joseph County Superior Court, in the United States District Court, Northern District of Indiana, under cause number 3:14-cv-01722-JD-CAN.

63.     In his complaint, Respondent alleged that Sconiers and Dixon discriminated, harassed and retaliated against him on the basis of his disability by bringing a malpractice action against him, in violation of the ADA.

64.     In his complaint, Respondent alleged that the St. Joseph County Superior Court was being used by Sconiers and Dixon to discriminate against him.

65.     In his complaint, Respondent sought damages based on the cost of defending against the malpractice action and his emotional distress.

66.     In his complaint, Respondent requested that the federal district court mandate the St. Joseph County Superior Court to dismiss the malpractice action filed by Sconiers.

67.     In his complaint, Respondent did not allege that the St. Joseph County Superior Court had engaged in any violations of the ADA.

68.     Sconiers and Dixon are not covered employers, public entities or facilities offering public accommodation that would be subject to the requirements of the ADA.

69.     Respondent's lawsuit against Sconiers, Dixon and the St. Joseph County Superior Court was frivolous.

70.     Respondent's lawsuit against Sconiers, Dixon and the St. Joseph County Superior Court was an improper collateral attack against the state malpractice action.

71.     On or about August 21, 2014, St. Joseph Superior Court filed a motion to dismiss.

72.     On or about August 25, 2014, Dixon filed a motion to dismiss.

73.     On or about August 28, 2014, Sconiers filed a motion to dismiss.

74.     On or about August 28, 2014, Respondent filed a response to the St. Joseph Superior Court's motion to dismiss.

75.     On or about August 29, 2014, Respondent filed a motion for Rule 11 sanctions against Dixon.

76.     Respondent's motion for Rule 11 sanctions was baseless.

77.     On or about December 7, 2014, Respondent filed a motion for summary judgment against all defendants.

78.     On or about December 10, 2014, Sconiers and Dixon filed a joint response in

opposition to Respondent's motion for summary judgment.

79.     On or about December 24, 2014, the St. Joseph Superior Court filed a response in opposition to Respondent's motion for summary judgment.

80.     On or about December 30, 2014, the district court issued an opinion and order dismissing Respondent's lawsuit for lack of subject matter jurisdiction and, alternatively, failure to state a claim upon which relief may be granted.

81.     In its opinion and order, the district court called Respondent's claims "utterly frivolous" and "wholly insubstantial."

82.     In its opinion and order, the district court denied Respondent's request for sanctions and his motion for summary judgment.

83.     On or about January 30, 2015, Respondent filed a motion to amend his complaint.

84.     On or about April 23, 2015, the district court denied Respondent's motion to amend the complaint, citing the futility of the proposed amended complaint.

85.     In its order, the district court stated, "Plaintiff's proposed amended complaint simply repackages the same conclusory, frivolous claims previously rejected by this Court."

86.     In its order, the district court called Respondent's pleadings "confusing and jumbled."

87.     On or about April 23, 2015, Respondent filed a motion for review of magistrate judge decision by a district court judge.

88.     On or about December 1, 2015, the district court judge affirmed the magistrate judge's decision to deny the motion to amend the complaint.

89.     In its order, the district court judge called the claims in the proposed amended complaint "confusing, fantastical, and vague."

90.     By bringing a proceeding without a basis in law and fact for doing so that was not frivolous, the Respondent violated Rule of Professional Conduct 3.1.

## COUNT IV – RUTHERFORD V. ZALAS

91.     In or about 2014, Respondent represented Christopher Rutherford in a post-dissolution proceeding involving parenting time issues in Marshall County Superior Court 1.

92.     The opposing party in the post-dissolution proceeding, Elizabeth Rutherford, was represented by attorney Clint Zalas ("Zalas").

93.     On or about October 9, 2014, Respondent filed a lawsuit on behalf of Christopher Rutherford against Elizabeth Rutherford, Zalas and the Marshall County Superior Court 1, in the United States District Court, Northern District of Indiana, under cause number 2:14-cv-00369-JTM-PRC.

94.     In the complaint, Respondent alleged that Elizabeth Rutherford and Zalas had violated the ADA by discriminating against Christopher Rutherford, a disabled man, regarding parenting time in the post-dissolution proceeding.

95.     In the complaint, Respondent further alleged that the Marshall County Superior Court 1 had violated the ADA by issuing an order adverse to Christopher Rutherford in the underlying parenting time matter, by engaging in an *ex parte* communication, and by refusing to grant a change of venue.

96.     In the complaint, Respondent sought an injunction to stop all action in the state court and to mandate the state court to grant a change of venue and to undo various orders.

97.     In the complaint, Respondent also sought reimbursement of Christopher Rutherford's attorney fees and costs.

98.     Elizabeth Rutherford and Zalas were not covered employers, public entities or

facilities offering public accommodation and so are not subject to the requirements of the ADA.

99.     The lawsuit filed by Respondent against Elizabeth Rutherford, Zalas and the Marshall County Superior Court 1 was frivolous.

100.    The lawsuit filed by Respondent against Elizabeth Rutherford, Zalas and the Marshall County Superior Court 1 was an improper collateral attack against the state post-dissolution proceeding.

101.    On or about October 10, 2014, Respondent filed a motion for sanctions against Zalas, an amended complaint alleging new allegations against Zalas, and a motion to compel.

102.    The motion for sanctions filed by Respondent was baseless.

103.    On or about October 17, 2014, the district court denied Respondent's motion for sanctions.  In its order, the district court called Respondent's actions in filing the motion for sanctions "ridiculous."

104.    On or about October 17, 2014, Elizabeth Rutherford and Zalas filed a joint motion to dismiss for failure to state a claim and lack of jurisdiction.

105.    On or about October 20, 2014, the district court entered an order striking the amended complaint filed by Respondent.

106.    On or about November 11, 2014, Respondent filed a response to the motion to dismiss.

107.    On or about November 12, 2014, the defendants filed a reply in support of the motion to dismiss.

108.    On or about November 22, 2014, on his client's direction, Respondent filed a motion to withdraw as Christopher Rutherford's attorney and a motion to voluntarily dismiss the case.

109.    Initially, the defendants opposed the voluntary motion to dismiss and sought sanctions against Respondent and Christopher Rutherford.

110.    Ultimately, the defendants withdrew their opposition to the voluntary motion and their request for sanctions, and the district court dismissed the case.

111.    By bringing a proceeding without a basis in law and fact for doing so that was not frivolous, the Respondent violated Rule of Professional Conduct 3.1.

WHEREFORE the Executive Secretary prays that Andrew U.D. Straw be disciplined as warranted for professional misconduct, and that the Respondent be ordered by the Court to pay such expenses to the Clerk of the Court as shall be prepared and submitted to the Court by the Executive Secretary as an itemized statement of expenses allocable to this case incurred in the course of investigation, hearing and review procedures, pursuant to Indiana Admission and Discipline Rule 23, Section 16.

Respectfully submitted,

G. Michael Witte
Attorney No. 1949-15
Executive Secretary
Indiana Supreme Court Disciplinary Commission
30 South Meridian Street, Suite 850
Indianapolis, Indiana  46204
(317) 232-1807

12

STATE OF INDIANA     )
                      )    SS:
COUNTY OF MARION   )

     G. Michael Witte, being duly sworn upon his oath, deposes and says that he is the

Executive Secretary of the Disciplinary Commission of the Supreme Court of Indiana appointed

pursuant to Ind.Admis.Disc.R. 23, Section 8(a); that he makes this affidavit as Executive

Secretary of the Disciplinary Commission, and that the facts set forth in the above and foregoing

Verified Complaint For Disciplinary Action are true as he is informed and believes.



                                                   G. Michael Witte


     Subscribed and sworn to before me, a Notary Public, in and for said County and State,

this _11th_ day of _January_, 2016.


                                            Andrea Sams
                                            Commission # 641598

**ANDREA SAMS**
Notary Public, State of Indiana
Marion County
Commission # 641598
My Commission Expires
**January 28, 2021**


     My Commission expires January 28, 2021
     County: Marion

**Certificate of Service**

The undersigned hereby certifies that on January 11, 2016, a copy of the foregoing

Verified Complaint For Disciplinary Action was deposited in the United States Mail, certified,

postage prepaid to:

        Andrew U.D. Straw, Esq.
        1900 E. Golf Rd.
        Schaumburg, IL  60173

        Andrew U.D. Straw, Esq.
        241A Brittany Dr.
        Streamwood, IL  60107

G. Michael Witte
Attorney No. 1949-15
Executive Secretary
Indiana Supreme Court Disciplinary Commission
30 South Meridian Street, Suite 850
Indianapolis, Indiana  46204
(317) 232-1807

14