IN THE SUPREME COURT                                    EX 15
OF THE
STATE OF INDIANA

IN THE MATTER OF                    )
                                   )        Cause No. 98S00-1601-DI-12
ANDREW U. D. STRAW                  )
Attorney Number 23378-53            )

## COMMISSION'S RESPONSES TO REQUEST FOR ADMISSIONS

The Disciplinary Commission, by counsel, submits the following responses to

Respondent's Requests for Admission:

1. Does the Commission admit that all four counts presented in the Verified Complaint

   represent cases based on one or more disability rights presented to the courts by Andrew

   Straw, including the Americans with Disabilities Act in 3 out of 4, and Civil RICO in the

   other?

   **Response:** Deny.

2. Does the Commission admit that the original disciplinary complaint, from Brenda

   Rodeheffer in the State Court Administration office, focused on Andrew Straw's mental

   disabilities, as mentioned specifically in Rodeheffer's complaint?

   **Response:** Deny.

3. Does the Commission admit that in three out of four of the counts, Andrew Straw was

   proceeding *pro se* and did not represent anyone else?

   **Response:** Admit.

4. Does the Commission admit that a person proceeding *pro se* should receive more

   deference than an attorney representing someone else, as a constitutional First

   Amendment, free speech matter?

   **Response:** Deny.

1

5.  Does the Commission admit, after reading carefully through www.andrewstraw.com, noting in particular that the U.S. Office of Personnel Management found him qualified to be General Counsel of the U.S. Access Board, that Andrew Straw is a highly qualified lawyer on disability issues and disability-related civil rights, and has advanced disability rights and access all across the United States?

    **Response:** Deny.

6.  Does the Commission admit, considering how the U.S. Congress overturned a variety of U.S. Supreme Court decisions in the ADA Amendments Act in 2008, that Andrew Straw could have been correct in each case, despite losing?

    **Response:** Deny.

7.  Does the Commission admit that the state and federal courts have incorrectly decided against disability rights in the past such that remedial legislation to correct this was necessary?

    **Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

    Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

8.  Does the Commission admit that a federal judge can label an argument or a whole case as "frivolous," and be incorrect?

    **Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible

evidence.  This Request further seeks information regarding a hypothetical scenario, about which the Commission cannot have personal knowledge.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

9. Does the Commission admit that a federal judge can be prejudiced against people with disabilities?

**Response:**  OBJECTION:  This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  This Request further seeks information regarding a hypothetical scenario, about which the Commission cannot have personal knowledge.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

10. Does the Commission admit that Congress' goal, enunciated in the ADA, of eliminating discrimination against disabled Americans has not yet been achieved?

**Response:**  OBJECTION:  This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

11. Does the Commission admit that the State of Indiana has discriminated against disabled people over the course of the last 100 years, since the Eugenics Law, including using the courts to hurt disabled people?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

12. Does the Commission admit that in *Rutherford v. Rutherford*, the only count in which Andrew Straw was representing a client, the National Council on Disability agreed with Andrew Straw and his disability argument, that stripping parental rights from a mentally-disabled father was discrimination, and that this position was ridiculed in Court, while the opposing attorney attacked Andrew Straw's mental disability in official pleadings without consequence? *See*,

https://www.ncd.gov/publications/2012/Sep272012

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

13. Does the Commission admit that Witte examined this case without suggesting punishment for the Indiana attorney who attacked Straw's mental disability, in apparent violation of Rule 8.4(g)?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. This Request further seeks information which is confidential pursuant to

4

Indiana Admission and Discipline Rule 23(22)(a) and Indiana Administrative Rule 9(G)(2)(i).

14. Does the Commission admit that deaf people have been suing the Indiana courts in federal court for violating their rights to interpreters, as late as 2015? *See, Prakel v. Indiana*, 4:12-cv-00045-SEB-WGH (S.D. Ind. Mar 30, 2015)

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

15. Does the Commission admit that when Andrew Straw was the Statistical Analyst for the State Court Administration office at the rank of staff attorney, he reached out to disabled people serving on the trial bench in Indiana, getting the Supreme Court to provide software (JAWS) for a judge in Vermillion County?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

16. Does the Commission admit that when Andrew Straw was the Statistical Analyst for the State Court Administration office at the rank of staff attorney, he went on his own initiative to get input from the Indiana Association of the Deaf on the trial court

automation pilot project he staffed, so as to make that system accessible and also avoid violations of the ADA?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

17. Does the Commission admit that Andrew Straw designed the Indiana Supreme Court website using user-focused design?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

18. Does the Commission admit that Andrew Straw's efforts made the Indiana courts, trial and appellate, more handicap accessible than they were before?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

19. Does the Commission admit that Justice Sullivan approved Andrew Straw to go to
Washington, D.C., in July of 2001 to present his national e-government finalist idea of a
real-time state/federal protective order database?

**Response:** OBJECTION: This Request seeks an admission regarding information that is
irrelevant and is not reasonably calculated to lead to the discovery of admissible
evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient
to form a belief regarding this Request, and therefore denies the same.

20. Does the Commission admit that Andrew Straw's idea was recognized by Harvard's
Kennedy School of Government as one of the best e-government ideas in the nation in
2001, in a contest announced in the first White House webcast on June 24, 2000?

**Response:** OBJECTION: This Request seeks an admission regarding information that is
irrelevant and is not reasonably calculated to lead to the discovery of admissible
evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient
to form a belief regarding this Request, and therefore denies the same.

21. Does the Commission admit that this protective order database, recognized by Harvard
and the Council for Excellence in Washington, DC, was the model for the protective
order database later built by the Indiana Supreme Court in 2006 with a federal grant?

**Response:** OBJECTION: This Request seeks an admission regarding information that is
irrelevant and is not reasonably calculated to lead to the discovery of admissible
evidence.

7

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

22. Does the Commission admit that people with disabilities are often domestic violence victims, and therefore benefit from that protective order database?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

23. Does the Commission admit that it has never before specifically made losses in several disability-related federal lawsuits the subject of a Verified Disciplinary complaint?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, admit.

24. Does the Commission admit that choosing four disability related cases brought by a disabled lawyer who used to work on disability rights at the Indiana Supreme Court could appear to be disability discrimination based on Straw's past work helping other disabled people?

**Response:** Deny.

25. Does the Commission admit that the courts of the State of Indiana have been ranked as worst in the nation for accessibility? *See,*

https://www.disabilityscoop.com/2014/11/25/states-ranked-accessibility/19870/

and

http://www.justiceindex.org/findings/

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

26. As a result of these poor results under the past court regime in Indiana, does the Commission admit that Andrew Straw's experience and legal expertise regarding disability law, if encouraged and invited, would further improve access in Indiana courts?

**Response:** Deny.

27. Does the Commission admit that Mr. Witte may have been motivated by disability discrimination and animus, given the facts presented in Andrew Straw's Affidavit, showing about 30 instances of discrimination by the Indiana Supreme Court, and Straw's background protecting others who are disabled?

**Response:** Deny.

28. Does the Commission admit that Mr. Witte both refused to discipline Attorney Thomas Dixon, and refused to discipline Brenda Rodeheffer for providing Dixon evidence of her disciplinary complaint against Andrew Straw?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. This Request further seeks information which is confidential pursuant to

Indiana Admission and Discipline Rule 23(22)(a) and Indiana Administrative Rule 9(G)(2)(i).

29. Does the Commission admit that Rodeheffer helped Dixon, Witte refused to discipline him, and then Witte created a count against Straw for fighting against the involvement of the Indiana Supreme Court in Dixon's case against Straw by filing suit in federal court to protect his disability rights?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. This Request further seeks information which is confidential pursuant to Indiana Admission and Discipline Rule 23(22)(a) and Indiana Administrative Rule 9(G)(2)(i). This Request is also impermissibly vague and does not allow the Commission to make a reasoned response.

Notwithstanding any objection, deny.

30. Does the Commission admit that the history of Indiana Supreme Court negative actions against Andrew Straw could be viewed as disability discrimination and retaliation?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, deny.

31. Does the Commission admit that Andrew Straw has brought disability-related complaints against the Indiana Supreme Court, and that several were immediately prior to the disciplinary complaint filed against him by Rodeheffer?

10

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

32. Does the Commission admit that Andrew Straw lobbied the Indiana House and Senate not to fund the Indiana Supreme Court's new e-filing system unless disability access issues were considered?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

33. Does the Commission admit that Brenda Rodeheffer's job, **ADA Coordinator**, was not established to make disciplinary complaints against disabled lawyers who had just brought Rodeheffer complaints against the Court based on alleged disability violations by her employer?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

11

34. The position of ADA Coordinator position's definition and role can be found here:

http://www.ada.gov/regs2010/titleII_2010/title_ii_primer.html#coordinator

"The ADA Coordinator's role is to coordinate the government entity's efforts to comply with the ADA and investigate any complaints that the entity has violated the ADA."

Does the Commission admit that nowhere in this definition is there a requirement that an ADA Coordinator respond to a complaint by a disabled person by filing a disciplinary complaint against that disabled person?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

35. Does the Commission admit that Brenda Rodeheffer, as ADA Coordinator, was supposed to **help disabled people** who come to her, and that she seems to have violated her job description and the trust of disabled people in Indiana by filing a disciplinary complaint against disabled disability-rights attorney Andrew Straw?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, deny.

36. Does the Commission admit that Andrew Straw has posed no threat to any potential client in Indiana, and that he has no criminal record and has not been in the hospital for his mental disability, bipolar disorder, since 2010?

**Response:** Deny.

37. Does the Commission admit that the American Bar Association Commission on Disability Rights found Andrew Straw to be one of the leading disabled lawyers in the USA in the same year Rodeheffer's disciplinary complaint was made, the "Spotlight" attorney for January 2014?

    http://www.americanbar.org/groups/disabilityrights/initiatives_awards/spotlight/straw_a.html

    **Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

    Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

38. Does the Commission admit that the Verified Complaint was filed while Andrew Straw still had a federal disability discrimination lawsuit pending in the Southern District of Indiana against the Indiana Supreme Court?

    **Response:** Admit.

39. Does the Commission admit that one could view the filing of the Verified Complaint, focused only on 4 cases where Andrew Straw filed disability-related lawsuits, as retaliation for Straw having filed a federal lawsuit on the basis of disability, when 3 of 4 counts involve ADA cases?

    **Response:** Deny.

40. Does the Commission admit that disability discrimination and/or retaliation is the reason for filing this complaint against Andrew Straw, not prosecution of any violation of the Rules of Professional Conduct?

**Response:** Deny.

41. Does the Commission admit that Andrew Straw did not receive any sanctions in any of the cases covered by the 4 counts?

**Response:** Admit.

42. Does the Commission admit that it did not communicate with any of the judges in those 4 cases to see if the federal judges wished Andrew Straw to be subject to discipline based on misconduct?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. This Request further seeks information that is confidential attorney work product.

Notwithstanding any objection, admit.

43. If there was no communication with the judges, does the Commission admit it does not know whether the judges in all four cases unanimously agree that Andrew Straw should be disciplined for misconduct as a result of his having filed those cases?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. This Request further seeks information that is confidential attorney work product.

Notwithstanding any objection, admit.

44. I contacted Judge Durkin in the *ABA* case/count, and Judge Durkin's clerk indicated that since the judge did not find the case to be frivolous and since I did not appeal it, he does not understand why I am being challenged over it. The Law School Admission Council discriminated on the basis of disability (flagging disabled students' scores on the LSAT) up through 2014 and the LSAC includes every ABA-accredited law school as members: https://www.justice.gov/opa/pr/law-school-admission-council-agrees-systemic-reforms-and-773-million-payment-settle-justice

Does the Commission admit that it brought the *ABA* count when Andrew Straw filed suit against a very powerful set of legal education adversaries who have a history of disability discrimination, they were not providing data to track improvements to their disability discrimination as Straw demanded, and when there was no claim of frivolous and the judge did not even suggest sanctions?

**Response:** OBJECTION: This Request is impermissibly vague and does not allow the Commission to make a reasoned response.

Notwithstanding any objection, deny.

45. Does the Commission admit that Andrew Straw may have a view of disability law that is closer to the intent of Congress than any of these courts, given Congress demands that courts should **eliminate discrimination** (42 U.S.C. § 12101(b)(1)) and Andrew Straw's arguments to that end were labeled frivolous on several occasions?

**Response:** OBJECTION: This Request is impermissibly vague and does not allow the Commission to make a reasoned response.

Notwithstanding any objection, deny.

46. With respect to the *Kloecker* case, the law firm Straw sued hired the former law firm of
the trial judge for the appeal, an absolutely unethical action meant to take advantage of
the relationship with the trial judge.  When Straw brought this up, the Seventh Circuit
dropped its threat of sanctions.  Does the Commission admit that Straw's claim may have
been disadvantaged by this ethical problem, and the claims of frivolous therefore tainted
by a desire to beat Straw and punish him ethically, when the truth was that Straw lost
only because it was a David v. Goliath situation, with the Court favoring Goliath Locke
Lord LLP and its many connections to the judiciary in Chicago?

**Response:** OBJECTION:  This Request is impermissibly vague and does not allow the
Commission to make a reasoned response.

   Notwithstanding any objection, deny.

47. Does the Commission admit that the Indiana Supreme Court treated Andrew Straw
unfavorably in any way after his car accident on the way to work at the Court and after
Straw revealed his bipolar disorder, which came from poisoning as an infant at Camp
LeJeune, NC, where he was born and where his father served prior to serving in Vietnam
as a U.S. Marine?

**Response:** OBJECTION:  This Request seeks an admission regarding information that is
irrelevant and is not reasonably calculated to lead to the discovery of admissible
evidence.  This Request is also impermissibly vague and does not allow the Commission
to make a reasoned response.

   Notwithstanding any objection, deny.

48. Does the Commission admit that if Mr. Witte filed four counts regarding disability cases
to harass or interfere with a disabled attorney whose practice is disability rights, that Mr.

Witte may have discriminated or retaliated himself against Andrew Straw on the basis of disability in violation of either the ADA or the Indiana Rules of Professional Conduct, Rule 8.4(g), or both?

**Response:** OBJECTION:  This Request is impermissibly vague and does not allow the Commission to make a reasoned response.  This Request further seeks information regarding a hypothetical scenario, about which the Commission cannot have personal knowledge.

Notwithstanding any objection, deny.

49. Does the Commission admit that Rodeheffer's disciplinary complaint was submitted 16 months before the Verified Complaint was filed?

**Response:** OBJECTION:  This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, admit.

50. Does the Commission admit that it was unnecessary to have an open investigation for 16 months for a case like this, such that it served to harass Andrew Straw, who would have to report it to any other bar he wants to join, including Illinois, where he is seeking bar admission?

**Response:** OBJECTION:  This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, deny.

17

51. Does the Commission admit that it would not file a suit against a minority or woman lawyer who brought unsuccessful lawsuits based on race or gender in the same fashion it did against Andrew Straw?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. This Request further seeks information regarding a hypothetical scenario, about which the Commission cannot have personal knowledge.

Notwithstanding any objection, deny.

52. Does the Commission admit that it has never investigated for 16 months or more and then brought a Verified Complaint against a woman lawyer or a minority lawyer specifically for pursuing lawsuits based primarily on gender or race civil rights, respectively, and then losing with a court's insult of "frivolous?"

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. This Request is also impermissibly vague and does not allow the Commission to make a reasoned response.

Notwithstanding any objection, admit.

53. The federal lawsuit, *Straw v. Indiana Supreme Court*, 1:15-cv-1015-RLY-DKL (S.D. Ind.), was dismissed without prejudice and with no mention of the word frivolous. Does the Commission (an Indiana Supreme Court agency) admit that its disciplinary actions, however presented and explained, could be construed as retaliation for having filed a federal disability-rights lawsuit against the Indiana Supreme Court?

**Response:**  OBJECTION:  This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, deny.

54. Does the Commission admit that its actions, if discriminatory, could bring legal liability onto the Indiana Supreme Court, and significant expense?

**Response:**  OBJECTION:  This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  This Request further seeks information regarding a hypothetical scenario, about which the Commission cannot have personal knowledge.

Notwithstanding any objection, deny.

55. Does the Commission admit that the costs demanded by Witte in the Verified Complaint are not justified, given the fact that he and his staff are salaried and not paid by the hour, and he would have been paid the same whether he pursued me or someone else or no one at all?

**Response:**  Deny.

56. Does the Commission admit that it is in fact conflicted in this matter, since its actions against a disabled attorney have a strong likelihood of resulting in further legal action against its parent, Indiana Supreme Court, as a new count in the *Straw v. Indiana Supreme Court* case?

**Response:**  Deny.

57. Does the Commission admit that Andrew Straw informed it about new complaints in 2016 he made against the Indiana Supreme Court with the U.S. Department of Justice and

the Indiana Civil Rights Commission, both of which can enforce disability law over the

Commission and the Court?

**Response:**  OBJECTION:  This Request seeks an admission regarding information that is

irrelevant and is not reasonably calculated to lead to the discovery of admissible

evidence.

58. Does the Commission admit that it has asked Andrew Straw to consider surrendering his

license and putting it into a disability status as an alternative to discipline?

**Response:**  Admit.

59. Does the Commission therefore admit that the issue is simply finding a way to prevent

Andrew Straw from practicing in his chosen area of law in Indiana: disability rights?

**Response:**  Deny.

60. Does the Commission admit that it intends to remove Andrew Straw's license and then

seek similar results everywhere else Andrew Straw is licensed to practice, namely:

Commonwealth of Virginia (inactive), U.S. Fourth Circuit Court of Appeals, U.S.

District Courts for the N.D. of Indiana, S.D. of Indiana, N.D. of Illinois, and the W.D. of

Wisconsin?

**Response:**  Deny.

61. Does the Commission admit that it knows Andrew Straw has federal FTCA and

constitutional lawsuits for compensation of injuries and disabilities to himself, his

daughter, and his stepfather, and for the wrongful death of his mother due to poisoning at

Camp LeJeune in North Carolina, where Straw was born?  *See,*

Straw et. al. v. United States, 1:15-cv-1756 (N.D. Ill.)

Straw et. al. v. United States, 1:16-cv-489 (S.D. Ind.)

20

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, ==admit.==

62. Does the Commission admit that it knows now that Straw's bipolar disorder and other neurological disabilities were the result of his father's service in the U.S. Marine Corps, and that his own physical disabilities are mostly due to the car wreck of 2/22/2001, on his way to work at the Indiana Supreme Court?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

63. Does the Commission therefore admit that Andrew Straw's experience of disability came solely as a result of injury from public service, his or his father's?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

64. Does the Commission admit that Andrew Straw was a finalist for the position of executive director of the Indiana Protection and Advocacy Service in 2014?

**Response:**  OBJECTION:  This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

65. Does the Commission admit that IPAS is the principal disability protection agency in Indiana, and can sue the State of Indiana for discrimination?

**Response:**  OBJECTION:  This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

66. Does the Commission admit that the Indiana Supreme Court indicated in any way at any time that Andrew Straw was not a good employee, or said any other derogatory thing through any Court employee, directly or indirectly, therefore having a negative impact on his career prospects?

**Response:**  OBJECTION:  This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

67. Does the Commission admit that the U.S. Access Board sets the standards for disability access, even for the U.S. Department of Justice, and that being its general counsel is one of the top disability law jobs in the United States federal government?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

68. Does the Commission admit that preventing Andrew Straw from practicing disability law in Indiana, or disciplining him, could have a negative impact on other disabled people in Indiana who need someone with his expertise, given his consideration for leadership at IPAS and the U.S. Access Board?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, deny.

69. Does the Commission admit that Andrew Straw's continued disability law and advocacy expertise would benefit the State of Indiana and protect the rights of people with disabilities?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, deny.

23

70. Does the Commission admit that removing Andrew Straw's law license would negatively impact his ability to help Ukrainian asylum seekers, like he has been doing to help them escape the war between that country and Russia?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, deny.

71. Does the Commission admit that protecting disability rights may sometimes bring Andrew Straw into disagreement with people, including lawyers and judges, who do not agree with aggressive enforcement of disability laws, despite Congress' command in the ADA to eliminate discrimination?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, deny.

72. Does the Commission admit that it would not bring such a Verified Complaint against the lawyers who lost in the following ADA cases, reversed by the ADA Amendments Act of 2008: *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999) and its companion cases, and *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002)?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

73. Does the Commission admit that, after due consideration, Andrew Straw did not violate any of the professional rules, and that the Verified Complaint lacks sufficient merit to pursue it further?

**Response:** Deny.

74. Does the Commission admit that its executive director, Mr. Witte, did in fact engage in disability discrimination or retaliation of <u>any kind</u> in pursuing the Verified Complaint, given his knowledge of Andrew Straw's background with disabilities, disability law, and employment at the Court, where he was severely disabled on the way to work?

**Response:** Deny.

75. Does the Commission admit that the disciplinary complaint was wrongly brought by the ADA Coordinator of the State Court Administration office?

**Response:** Deny.

76. Does the Commission admit that the disciplinary complaint and the 16-month investigation and the refusal to cease that investigation more likely than not caused Andrew Straw emotional anguish and expense?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

77. Does the Commission admit that every employee of the Indiana judicial branch has some connection with the Indiana Supreme Court, and its chief justice?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. This Request is also impermissibly vague and does not allow the Commission to make a reasoned response.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

78. Does the Commission admit that nearly all Indiana federal judges have the same sort of connections to the Indiana Supreme Court and its chief justice?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. This Request is also impermissibly vague and does not allow the Commission to make a reasoned response.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

79. Does the Commission admit that federal judges are usually chosen on a partisan basis?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. This Request is also impermissibly vague and does not allow the Commission to make a reasoned response.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

80. Does the Commission admit that Andrew Straw sued the Indiana Democratic Party on disability violation grounds and took the matter all the way to the Indiana Supreme Court, where he was denied?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

81. Does the Commission admit that Judge Shadur (count 1), Judge Durkin (count 3), and Judge DeGuilio (count 2) were all appointed by Democratic presidents?

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

82. Does the Commission admit that Andrew Straw started a new political party called "Disability Party" in 2013 with over 1200 followers in 39 countries and its purpose is to advance disability rights to their greatest extent, for "access and opportunity?"

**Response:** OBJECTION: This Request seeks an admission regarding information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding any objection, the Commission is without knowledge sufficient to form a belief regarding this Request, and therefore denies the same.

83. Does the Commission admit that it would be difficult to find any Indiana judicial officer without close connections to people Straw claims have discriminated against him, therefore making it virtually impossible to find someone without a reason to recuse?

**Response:** Deny.

84. And given the many connections within a small legal community, does the Commission admit that special care should be given to former Indiana Supreme Court employees like Straw who have claimed disability discrimination by that closed community, especially when Indiana's judicial system has been found by Cardozo School of Law to be the worst state judicial system in the nation at providing disability access?

**Response:** Deny.

Respectfully submitted,

Angie L. Ordway
Attorney No. 25039-49
Staff Attorney
Indiana Supreme Court
        Disciplinary Commission

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was deposited in the United States Mail, postage prepaid, on this **21st** day of **March 2016**, addressed to the following:

Andrew U.D. Straw
1900 E. Golf Rd., Suite 950A
Schaumburg, IL  60173

Angie L. Ordway

Indiana Supreme Court
Disciplinary Commission
30 S. Meridian Street, Suite 850
Indianapolis, Indiana  46204
(317) 232-1807

29