

# Virginia State Bar

1111 East Main Street Suite 700
Richmond, Virginia 23219-0026
Telephone: (804) 775-0500

---

Fax: (804) 775-0597   TDD: (804) 775-0502

June 22, 2017

CERTIFIED MAIL/RETURN RECEIPT REQUESTED
9214 7969 0099 9790 1615 2675 12
Andrew U.D. Straw
1900 E Golf Rd Ste 950A
Schaumburg, IL 60173

Re:   In the Matter of Andrew U.D. Straw  (VSB Docket # 17-000-108746)

Dear Mr. Straw:

    Enclosed is an attested copy of an Order of Dismissal of the Virginia State Bar Disciplinary Board entered June 20, 2017 in the above referenced matter. If you have any questions, or desire to discuss this matter further, please contact me at (804) 775-0573 or write me at the above listed address.

                Sincerely,

                *Barbara S. Lanier*

                Barbara S. Lanier
                Clerk of the Disciplinary System

BSL/lw
Enclosure

cc:   Paulo E. Franco, Jr., Assistant Bar Counsel, w/encl.

      Andrew U.D. Straw, 241A Brittany Drive, Streamwood, IL  60107

      Andrew U.D. Straw, 120 S. State St., Unit 307, Elgin, IL  60123

      Andrew U.D. Straw, also by email to: andrew@andrewstraw.com

**VIRGINIA:**

**BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD**

IN THE MATTER OF                                        VSB DOCKET NO.: 17-000-108746
ANDREW U.D. STRAW

**ORDER OF DISMISSAL**

**THIS MATTER** came on to be heard on May 19, 2017, before a panel of the Disciplinary Board ("Board") consisting of John A.C. Keith, 2nd Vice Chair, Michael A. Beverly, Sandra L. Havrilak, Sandra M. Rohrstaff, and Stephen A. Wannall, lay member. The Virginia State Bar was represented by Paulo E. Franco, Jr., Assistant Bar Counsel ("Bar Counsel"). The Respondent appeared by telephone and was not represented by counsel. Barbara Johnston, a registered professional court reporter, 241A Brittany Drive, Streamwood, Illinois 60107, identified the witness and administered the oath. Jennifer L. Hairfield, court reporter, Chandler and Halasz, Inc., P.O. Box 9349, Richmond, Virginia 23227, (804) 730-1222, after having been duly sworn, reported the hearing and transcribed the proceeding.

The Chair polled the members of the Board Panel as to whether any of them was conscious of any personal or financial interest or bias which would preclude any of them from fairly hearing this matter and serving on the panel, to which inquiry each member responded in the negative. All legal notices of the date and place were timely sent by the Clerk of the Disciplinary System (Clerk) in the manner prescribed by Part 6, § IV, ¶ 13-12(C) of the Rules of Court. The Respondent testified on his own behalf, and no other witnesses testified on behalf of the Respondent or the Bar. Exhibit 1 was received into evidence without objection.

This matter came before the Board pursuant to Rule 13-24 (as amended on March 1, 2017) on the Rule to Show Cause and Order of Summary Suspension and Hearing entered on April 21, 2017 (the "Rule to Show Cause"), based upon the order of the Indiana Supreme Court

1

dated February 14, 2017 suspending for a period not less than one hundred eighty (180) days the Respondent's license to practice law in the State of Indiana, as to why the same or equivalent discipline should not be imposed by the Board. The Indiana Supreme Court is a jurisdiction within the meaning of Rule 13-24(A). The Respondent filed a preliminary Motion to Dismiss on May 16, 2017 which was denied due to the fact that it was untimely filed. The Respondent also filed a written response pursuant to Rule 13-24(C) alleging numerous grounds for dismissal.

The Board finds, by clear and convincing evidence, that the conduct resulting in the Respondent's suspension in Indiana is not conduct that would be grounds for disciplinary action in Virginia. Pursuant to Rule 13-24, when another jurisdiction has suspended or revoked an attorney's license to practice law in that jurisdiction, the Board must enter an Order requiring the respondent to show cause why the same or equivalent discipline should not be imposed by the Board; and, upon a hearing, the Board is required to impose the same or equivalent discipline upon the respondent unless it finds, by clear and convincing evidence, that (1) the record of the proceeding in the other jurisdiction would clearly show that such proceeding was so lacking in notice or opportunity to be heard as to constitute denial of due process, (2) the imposition by the Board of the same or equivalent discipline upon the same proof would result in an injustice, (3) the same conduct would not be grounds for disciplinary action or for the same or equivalent discipline in Virginia, or (4) the misconduct found in the other jurisdiction would warrant the imposition of substantially lesser discipline in the Commonwealth of Virginia.

The Respondent was licensed to practice law in the Commonwealth of Virginia on April 23, 1999. On February 14, 2017, the Indiana Supreme Court suspended the Respondent's license to practice law in the State of Indiana for a period of not less than one hundred eighty (180) days, without automatic reinstatement, as a result of four disciplinary counts arising from frivolous

claims and arguments advanced by the Respondent in four separate lawsuits, all pertaining to alleged ADA violations and disciplinary law reform. The Respondent filed a Petition for Writ of Certiorari in the Supreme Court of the United States on May 4, 2017 requesting that the Court review the judgment of the Indiana Supreme Court.

The Respondent testified that he had never received any discipline from a court or a monetary fine as a result of the conduct leading to the suspension of his license to practice law in Indiana. He also provided testimony regarding what he believes to be the excessive nature of the disciplinary process in Indiana.

In his argument, Bar Counsel discussed *Anthony v. Virginia State Bar* and *Moseley v. Virginia State Bar* as mitigating factors. In *Anthony*, Mr. Anthony accused the Supreme Court of Virginia of engaging in conspiracy; yet, his only punishment was a public reprimand. *See Anthony v. Virginia State Bar ex rel. Ninth Dist. Comm.*, 270 Va. 601 (2005). Furthermore, in *Moseley*, Mr. Moseley was sanctioned by the trial court for filing frivolous pleadings; however, a three-judge panel of the disciplinary board dismissed a disciplinary charge relating to Rule 3.1 as it found no clear and convincing evidence that the claims were totally frivolous. *Virginia State Bar v. Moseley*, In the Circuit Court of Loudoun County, CL 52390 (July 28, 2009) (appealed on other grounds).

In the present case, the complaints against the Respondent were made by the ADA Coordinator of the Indiana Supreme Court; and, just as the district court observed in *Anthony*, they have "all the grace and charm of a drive-by shooting." *Anthony v. Virginia State Bar ex rel. Ninth Dist. Comm.*, 270 Va. 601, 606 (2005). Furthermore, although his complaints were dismissed and criticized by the courts in which they were filed, no complaint was ever made

3

against the Respondent by a client or opposing counsel, and he was never sanctioned by any court for his conduct.

## DISPOSITION

Having considered the evidence at the hearing, the Board recessed to deliberate and determine whether the same or equivalent discipline as that imposed by the Indiana Supreme Court should be imposed by the Board. After due deliberation, the Board reconvened and stated its finding that the Respondent had proven, by clear and convincing evidence, that his conduct was not conduct that would have resulted in disciplinary action in the Commonwealth of Virginia. Accordingly, pursuant to Rule 13-24(C)(3) and upon consideration of the issues raised by the Respondent and the Bar, it is ORDERED that the Rule to Show Cause be and the same hereby is DISMISSED; and, it is further ORDERED that the Clerk of the Disciplinary System shall mail an attested copy of this order to the Respondent at his address of record with the Virginia State Bar, being 1900 East Golf Road, Suite 950A, Schaumburg, IL 60173 by certified mail, return receipt requested, and by hand delivery to Paulo E. Franco, Jr., Assistant Bar Counsel, Virginia State Bar, 1111 East Main Street, Suite 700, Richmond, Virginia 23219-0026.

ENTERED this 20th day of June, 2017.

VIRGINIA STATE BAR DISCIPLINARY BOARD

John A. C. Keith
Digitally signed by John A. C. Keith
Date: 2017.06.20 10:34:39 -04'00'

John A.C. Keith, 2nd Vice Chair

A COPY TESTE:

Barbara S. Lanier
BARBARA SAYERS LANIER
CLERK OF THE DISCIPLINARY SYSTEM