EX 40

Jan. 8, 2014

Jocelyn Samuels
Acting Assistant Attorney General for Civil Rights
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington DC 20530

Dear Acting Assistant Attorney General Samuels,

      As lawyers with mental health conditions, disability advocates, and mental health experts, we urge the Department of Justice to take action on the complaint of S.P. v. Louisiana State Bar.  Specifically, we urge DOJ to issue a findings letter that:

      (a) finds that Louisiana has discriminated against S.P. by denying her full membership in the Bar and subjecting her to onerous conditions solely because she has received mental health treatment,

      (b) clarifies that it violates the Americans with Disabilities Act to inquire into mental health diagnosis or treatment, unless the Bar applicant asks the Bar to excuse past conduct on the basis that it was the product of mental illness and will not recur;

      (c)  requests that Louisiana immediately remove confidential mental health information about S.P. from any publicly accessible file.

      S.P.  is an attorney practicing law in Louisiana.  In 2008, she received a J.D. from a major, accredited law school.  There was nothing in her application to be admitted to the Bar or discovered in the Bar's investigation of her character or fitness that provided any basis for concern about her fitness to practice law.   Yet she was denied full membership in the Bar, and instead was granted only a "conditional" license to practice law, based solely on her mental health diagnosis and treatment.  The conditions imposed on S.P. were unwarranted and intrusive.  Moreover, they put her at a disadvantage in the legal job market.  Extraordinarily, Louisiana has opened to the public records of S.P.'s treatment and therapy sessions.

      As required by Louisiana's version of the NCBE character and fitness questionnaire, S.P. disclosed on her application that she had been diagnosed with Bipolar Disorder Type II.   S.P. also truthfully stated that she did not believe her impairment, treated or untreated, would affect her ability to practice law.  Her Bipolar Disorder has never interfered with her meeting academic expectations.  In mid-February of 2009, S.P. received a letter from the counsel for the Louisiana Committee on Bar Admissions (the "Committee") informing her that because she had disclosed a diagnosis of Bipolar Disorder, she was required to provide psychiatric records for the previous 5 years and that failure to do so would result in ineligibility to practice law in Louisiana. In March 2009, S.P.s treating psychiatrist sent the Committee a summary of his treatment of S.P.

The psychiatrist explained that he had treated S.P. since June 2006, and S.P. had taken prescribed medication since beginning her treatment and had never required hospitalization. He reported that S.P. "has been working in a stressful job with no episodes of depression or hypomania . . . ." In April 2009, the psychiatrist sent a follow-up letter to the Committee containing a detailed description of S.P.'s course of treatment, indicating that overall her bipolar disorder was "relatively mild" and well-managed.

For reasons that are uncertain, the Committee forwarded the information to a different psychiatrist for review. In June 2009 that psychiatrist wrote a letter to the Committee opining that S.P.s symptoms were "well managed and stable" and that there was "no need for further evaluation." He expressed no concerns regarding S.P.'s ability to practice law.

In July 2009, S.P. passed the Louisiana Bar Examination. In July or August 2009, the Committee sent Ms. P. a letter informing her that she was eligible only for "conditional admission" to the Bar. In order to attain conditional admission, S.P. would be required to sign a five-year "consent agreement" and to file in the Louisiana Supreme Court jointly with the Committee, a petition requesting a conditional admission and agreeing to numerous burdensome conditions, including that (a) if the Office of Disciplinary Counsel determined it necessary, she would appear at her expense before a psychiatrist designated by that Office to allow an assessment of her "progress" and compliance with the terms of the agreement and (b) the Office of Disciplinary Counsel would have unfettered access to her mental health records. Afraid that challenging the Committee's decision would jeopardize her chance of admission to the Bar, S.P. filed the petition, which stated that she had "fulfilled the requirements of admission to the Louisiana bar, except, to the extent that, during the character and fitness screening process, her diagnosis of Bipolar Disorder was revealed." The joint petition did not identify any reason to question her ability to competently and responsibly practice law.

In October 2009, the Louisiana Supreme Court entered an order that S.P. be conditionally admitted to the Bar. Although the reasons for S.P.'s conditional admission are not stated in the published order, the mental health records in S.P.'s admission file are currently a matter of public record.

Under the terms of a Probation Agreement that S.P. was later required to sign, a probation monitor and Office of Disciplinary Counsel were empowered to "contact her employer or supervising attorney to determine and/or discuss her professional activities and performance." As later became clear, it was expected the probation monitor would observe S.P. in her workplace. The Office of Disciplinary Counsel also directed S.P. to disclose to any new employer that she was conditionally admitted to the Bar. This directive has effectively compelled her to disclose her mental illness to employers. Besides mental illness, the common reasons for conditional admission are a history of crime, drug or alcohol abuse, serious misconduct, or severe financial mismanagement. S.P. discloses her mental illness to employers to avoid the impression that her conditional admission was based on misconduct.

The activities of S.P.'s probation monitor have been, by their nature, stigmatizing and intrusive. For this reason and others, S.P. requested that one of the partners in her firm be permitted to serve as her probation monitor. Although her firm had expressed an interest in such an arrangement, the Office of Disciplinary Counsel told her that her probation monitor could not be changed.

S.P.'s case is not an isolated one. It is part of a pattern and practice of discrimination. Louisiana has routinely imposed conditional admissions on applicants to the Bar based solely on a history of mental health treatment. Conditional admission is routinely imposed without any individualized finding that the applicant's condition could interfere with his or her practice of law.

S.P.'s counsel have been informed that DOJ's investigation has been completed. It is time for DOJ to act.

DOJ should issue a findings letter that S.P. has been the victim of discrimination and that, as a matter of law, it is inappropriate to use mental health diagnosis or treatment, without more, as a basis for concern about an applicant's fitness to practice law. Such an approach reflects the very prejudices and stereotypes that the ADA prohibits and is designed to eliminate. The Bar admission process should focus on an applicant's conduct and capabilities to practice to law, not on an applicant's mental health condition. If the applicant has passed the Bar exam and past conduct provides no basis for concern, there is no reason, and it violates the ADA, to inquire into the applicant's mental health condition or treatment.

Singling out applicants with mental health conditions violates Title II of the Americans with Disabilities Act (ADA), which provides that no qualified individual with a disability shall, *by reason of such disability*, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. §12132 (emphasis added). A "qualified individual" is "one who, with or without reasonable modifications . . . , meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Id.* §12131(2). Pursuant to the regulations implementing Title II, 28 C.F.R. §35.130(b)(6), "a public entity may not administer a licensing or certification program in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability, nor may a public entity establish requirements for the programs or activities of licensees or certified entities that subject qualified individuals with disabilities to discrimination on the basis of disability."

The Bar has a legitimate interest in assuring the character and fitness of its members. However, the Bar's goal of protecting the public against unfit practitioners and preserving the integrity of the profession is served by targeting questions to a person's behaviors and conduct. The approach that Louisiana and other States have taken is both legally and ethically wrong in its disregard of the ADA and of the well-established fact

that a mental health condition or history of treatment does not in itself preclude one from a successful and responsible life as an attorney.

No one should have to experience such humiliation.  Bar applicants experience inquiries into their mental health history as traumatizing and invasive of their privacy.  Additionally, such inquiries deter aspiring attorneys from seeking treatment for mental health conditions for fear of possible exclusion from the Bar.  These individuals have sought treatment and actively managed their conditions.  It is tragic and wrong to admit a person into the competitive environment of a law school, have them succeed, and then subject them to screening, an invasive process, and possible exclusion on the basis of prior diagnosis and treatment alone.

There is no evidence that mental health professionals or Bar examiners can predict inappropriate professional behavior on the basis of a person's mental health history.  There is no evidence that lawyers with mental health conditions are less ethical or less competent than lawyers without mental health conditions.  Past behavior is the most reliable predictor of future behavior.  The inquiries of boards of bar examiners should comply with the ADA's mandate that individuals be assessed as to their abilities, not disabilities.

Inappropriate mental health inquiries, in the bar admission process and in other settings, are a significant national problem.  The undersigned are aware of numerous cases of deserving individuals who have been subjected to discrimination in the Bar admission and in other professional licensing contexts.  One case that has received national attention is the case of Kathleen Flaherty, a Harvard Law School graduate with bipolar disorder. A member of the New York and Massachusetts bars, she applied in the mid-1990s for admission to the Connecticut bar. After disclosing her mental illness on Connecticut's fitness application, she wasn't recommended for admission. She appealed, enduring a year of hearings about her mental health that one questioner characterized as "torture." In the end, Ms. Flaherty was granted conditional admission, which lasted nine years.  Far from disgracing the profession, Ms. Flaherty has elevated it, both despite and because of her disorder.  This year, Gov. Daniel P. Malloy appointed her to the Sandy Hook Advisory Commission because of her personal experience with mental illness.

Mental health inquiries compromise the profession.  Ending the practice will enrich the profession and society as a whole, including by enabling the Bar to reflect the diversity of human experience.  The legal profession should be the leader in promoting diversity, not a retrogressive exemplar.[1]

Accordingly, we urge that DOJ expeditiously issue a findings letter declaring that:

---

[1] We offer no opinion on whether a conditional admission is ever appropriate, for example, when an applicant asks that past conduct that would under normal circumstances be disqualifying not be held against the applicant because the conduct was the product of an untreated managed mental health condition that it now well-managed.

      1.  S.P, is a victim of discrimination who should be admitted to the Louisiana Bar unconditionally and without stigmatizing and intrusive conditions and who should receive compensation for any losses she has suffered.

      2.  Louisiana's inquiries, as part of the Bar admission process, into mental health diagnosis and treatment violate Title II of the ADA.

      3.  Information about S.P.'s mental health diagnosis and treatment that is in her admission file should be immediately removed.

We look forward to DOJ's swift action in this matter.

      If you have any questions or concerns about this letter, please contact Jennifer Mathis or Ira Burnim at the Bazelon Center for Mental Health Law, at 202-467-5730 or jenniferm@bazelon.org, irab@bazelon.org.  Thank you.

                                      Sincerely,

Howard H. Goldman, M.D., Ph.D.*
Professor of Psychiatry
University of Maryland School of Medicine
Baltimore, MD

Edmund G. Howe III, M.D., J.D.*
Professor of Psychiatry
Associate Professor of Medicine
Senior Scientist, Center for the Study of Traumatic Stress (CSTS)
Uniformed Services University of the Health Sciences
Bethesda, MD

John Monahan, Ph.D.*
School of Law
University of Virginia
Charlottesville, VA

Jeffrey Swanson, Ph.D., M.A.*
Professor, Department of Psychiatry and Behavioral Sciences
Duke University School of Medicine
Durham, NC

Mental Health America
2000 N. Beauregard St., Suite 600
Alexandria, VA 22311

National Alliance on Mental Illness
3803 Fairfax Dr.
Arlington, VA 22203

National Association of County Behavioral Health and Developmental Disabilities Directors
25 Massachusetts Ave., NW, Suite 500
Washington DC 20001

Judge David L. Bazelon Center for Mental Health Law
1101 15th Street, NW. Suite 1212
Washington, DC 20005

National Disability Rights Network
900 Second Street, NE, Suite 211
Washington, DC 20002

Disability Rights Education and Defense Fund
3075 Adeline St., Suite 210
Berkeley, CA 94703

National Association of Attorneys with Disabilities
c/o William D. Goren, J.D., LL.M.
Americans with Disabilities Act Consulting
Decatur, GA

National Federation of the Blind
200 East Wells Street
Baltimore, MD 21230

National Association of the Deaf
8630 Fenton Street, Suite 820
Silver Spring, MD 20910

Legal Aid Society-Employment Law Center
180 Montgomery St.
San Francisco, CA 94104

Disability Rights Advocates
2001 Center Street, Fourth Floor
Berkeley, CA 94704

Legal Action Center
225 Varick St.
New York, NY 10014

American Foundation for the Blind
1660 L Street, NW, Suite 513
Washington, DC 20036

Attention Deficit Disorder Association
PO Box 7557
Wilmington, DE 19803-9997

Disability Independence Group, Inc.
2990 SW 35th Ave.
Miami, FL 33133

Disability Law and Advocacy Center of Tennessee
2416 21st Avenue South, Suite 100
Nashville, TN  37212

Disability Rights Legal Center
Loyola Law School Public Interest Law Center
800 South Figueroa Street, Suite 1120
Los Angeles, CA 90017

Disability Rights Texas
2222 West Braker Lane
Austin, Texas 78758

Office of Protection and Advocacy for Persons with Disabilities (CT)
60B Weston St.
Hartford, CT 06120

Washington Attorneys with Disabilities Association
c/o Stuart Pixley, Co-chair
Microsoft Corporation
One Microsoft Way
Redmond, WA 98052-6399

Robert D. Dinerstein*
Professor of Law & Associate Dean for Experiential Education
Director, Disability Rights Law Clinic
American University, Washington College of Law
4801 Massachusetts Ave., NW
Washington, DC 20016

Daniel F. Goldstein
Brown, Goldstein, & Levy, LLP
120 East Baltimore Street, Suite 1700
Baltimore MD 21202

Lainey Feingold
Law Office of Lainey Feingold
1524 Scenic Avenue
Berkeley, CA 94708

Carrie Griffin Basas*
Visiting Associate Professor of Law
Case Western Reserve University
11075 East Blvd
Cleveland, Ohio 44106

Michael Waterstone*
Associate Dean for Research and Academic Centers
J. Howard Ziemann Fellow and Professor of Law
Loyola Law School
919 Albany St
Los Angeles, CA 90015

Jo Anne Simon
Jo Anne Simon, P.C.
356 Fulton Street, 3d Floor
Brooklyn, NY 11201

Linda M. Dardarian
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612

Jasmine E. Harris*
Practitioner in Residence
Disability Rights Law Cinic
American University, Washington College of Law
4801 Massachusetts Ave., NW
Washington, DC 20016

David A. Kahne
Law Office of David A. Kahne
P.O. Box 66386
Houston, TX 77266

Scott C. LaBarre
LaBarre Law Offices, P.C.
1660 South Albion Street, Suite 918
Denver, CO 80222

Michele Magar
Civil Rights Law & Consulting
153 Ripley Street
San Francisco, CA 94110

Jonathan Martinis
Legal Director
Quality Trust for Individuals with Disabilities
5335 Wisconsin Ave NW
Washington, DC 20015

Ellen Saideman
Law Office of Ellen Saideman
7 Henry Drive
Barrington, RI  02806

Kimberley Spire-Oh, P.A.
Law Office of Kimberley Spire-Oh
4440 PGA Boulevard, Suite 600
Palm Beach Gardens, FL 33410

Susan Stefan
Counsel, *Ellen S. v. Florida Board of Bar Examiners*
22 Fernwood Drive
Rutland, MA 01543

Michelle Uzeta
Law Office of Michelle Uzeta
710 S. Myrtle Ave. #306
Monrovia, CA 91016

Charles Weiner
Law Office of Charles Weiner
501 Cambria Ave.
Bensalem, PA 19020

Heather S. Zakson
Law and Mediation
P.O. Box 7010
Santa Monica, CA 90406


* For identification purposes only