Received: 12/15/2022 11:07 PM

EX 53

IN THE
# Indiana Supreme Court

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | Cause No. 98S00-1601-DI-12 |
| ANDREW U. D. STRAW ) | 68 N.E.3d 1070 (Ind. 2/14/2017) |
| Attorney Number 23378-53 ) | |

## PETITION TO DISSOLVE SUSPENSION AS DISMISSED BY RULE

I, *respondent* Andrew U. D. Straw, make this PETITION to reverse 8 years of illegitimate attacks and for the Indiana Supreme Court and its IADC to simply follow its own rules, which it did not do here:

### STATEMENTS

1. *IFP* **should be granted and this matter decided, not just filed and ignored.**

2. The suspension imposed on me nearly 6 years ago was initiated officially by the IADC with its Verified Complaint dated 1/11/2016. This date appears in the docket.

3. The ADA Coordinator, Brenda F. Rodeheffer, made her disciplinary complaint against me on 9/3/2014. **Exhibit A**.

4. The IADC Executive Director sent this complaint to me and asked me to respond to it on 1/5/2015. **Exhibit A**.

5. That letter and that date set in motion a **12-month time limit** for the IADC to file its Verified Complaint. Ind. Adm. & Disc. R. 23, Sec. 10(h).

6. The IADC did not ask for more time and that meant **that was the time limit**.

7. That time limit ended on 1/5/2016.

8. The effect of not entering a Verified Complaint within the time limit was that the disciplinary complaint against me was <mark>"deemed dismissed."</mark> This language appears in R. 23, Sec. 10(h).

9. Thus, this whole matter against me was *deemed dismissed* on <mark>1/6/2016</mark>.

10. The IADC could have asked for more time. It did not.

11. I could have caused some delay, but I did not.

12. I am not the IADC Executive Director. He knew the limits on his agency but chose to file a disciplinary complaint *at best* 5 days past his deadline.

13. He did not ask for permission to do that. He just did it.

14. And this violation of the Court's own rules was allowed to flower into a farcical exercise of non-discipline, wasting my time for a year.

15. I had the right attitude. I responded with an affidavit and response shortly after the Verified Complaint because IADC MUST be playing by the rules, right?

16. The only person who should be punished now is G. Michael Witte, for deceiving the Court into thinking that this process was following the rules. He acted late and simply kept plowing ahead with his illegitimate Verified Complaint.

17. It was not following the rules.

18. Witte caused me, through his severe error or malice, to have nearly 6 years of suspension based on Rule 3.1, which is just preposterous on its face. Nobody gets a suspension for Rule 3.1 without some crime or dishonest act. I committed NO CRIME and NO DISHONEST ACT.

19. The Indiana Court of Appeals is trying to stop me from getting rightful compensation for the illegal taking of my law license in Indiana, expanded to 4 additional courts. <u>Straw v. Indiana</u>, 22A-PL-766 (Ind. Ct. App. 2022); <u>Straw v. Indiana</u>, 22A-PL-2352 (Ind. Ct. App. 2022)(denying *IFP* after I was GRANTED *IFP* 14x in the past 14 months, including 3x at the Indiana Court of Appeals. Just outrageous and dishonest, taking away my merits decision because that court does not want to give me the justice I deserved and proved).

20. That Witte Verified Complaint was part of a criminal conspiracy to interfere with my federal lawsuits while they were still open, because they were either open or on appeal when Rodeheffer *filed* this complaint.

21. It was a trial balloon, likely to show federal courts that the Indiana Supreme Court wanted them to rule against me.

22. No complaint, moreover, may simply call a person incompetent and then attack every federal disability rights lawsuit that person, a disabled attorney with no disciplinary history, has open.

23. To attack 3 *pro se* cases in federal courts where NO SANCTION HAPPENED, represents 3 conspiracies to violate 18 U.S.C. § 245(b)(1)(B), since **I have a First Amendment right to use the federal courts**.

24. Even the 7th Circuit says so. <u>Domanus v. Locke Lord LLP</u>, 847 F.3d 469, 483 (7th Cir. 2017) ("Whether the branch of government is the legislature, the executive, or **the courts, the right to present one's viewpoint is protected by the First Amendment**.").

25. This right is not limited to arguments that please some state court I had accused of ADA violations. My former employer, not yet done dishonestly hurting me, now graduating to federal crime to do so.

26. There is no vetting power of the Indiana Supreme Court to limit what happens in federal courts, but it has arrogated this power to itself in clear violation of the sovereignty of the United States and its Article III courts that are HIGHER than the Indiana Supreme Court.

27. This is a violation of federal criminal law each time it happens and with so many people involved, a conspiracy too. There is ample evidence of aiding and abetting these crimes as well. This hole gets deeper and deeper and I will not stop until I have my pound of justice from each criminal who hurt me.

28. And when I was attacked for what I did for a client in federal court with NO SANCTION in the final order or separately (Rule 11 requires a separate sanction order), this violated 18 U.S.C. § 1503(a). I was an officer of that court.

29. So, that IADC executive director through his dishonesty and deceit caused a suspension that represented at least 4 different federal crimes and many iterations of aiding and abetting them over these 6 years (on 2/14/2023).

30. The matter could have been and should have been deemed dismissed, by Rule 23, Section 10(h).

31. The Indiana Supreme Court knows its own rules better than anyone. There was no excuse for allowing this to happen. There should have been an excess of concern for me after I broke my legs and pelvis serving every court in the

State of Indiana. Nobody should be allowed a sloppy and dishonest attack to hurt me after what I gave this State of Indiana and its courts, all of them.

32. However, that IADC executive director was able to start the case on 1/11/2016 without filing the 9/3/2014 disciplinary complaint or even mentioning when it was filed and when he asked me to respond to it. 1/5/2015.

33. The docket here makes this quite plain. That is why I am attaching the exhibit, to prove Rule 23, Sec. 10(h) was ignored to my *severe* detriment.

34. This Court should not be in the business of meddling in federal cases in which it had NO JURISDICTION and NO RULE 11 SANCTION HAPPENED.

35. To allow my case to be a precedent for how Rule 3.1 is used simply extends the threat that the Indiana Supreme Court will retaliate against the merits in federal cases in the future and violate federal criminal law again.

36. This practice must be denounced and denounced IMMEDIATELY.

WHEREFORE, I PETITION the Court and its agencies to cease violating federal criminal laws mentioned above and erase this suspension as "deemed dismissed" *ab initio* per Rule 23, Sec. 10(h). The Indiana Attorney General should be directed to stop resisting my property takings case and pay me for the loss of 5 law licenses precisely as I have demanded with extreme resistance because I am suspended illegally and wrongly.

I, Andrew U. D. Straw, verify that the above statements and conclusions and exhibits are made in good faith, are true and correct under penalty of perjury, and I arrived at them after inquiries reasonable under the circumstances. **December 15, 2022**

Respectfully,

*[signature: Andrew U. D. Straw]*

s/ Andrew U. D. Straw

712 H ST NE, PMB 92403
Washington, DC 20002
(847) 807-5237

andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I have submitted the above **PETITION** to the Clerk of the Supreme Court of Indiana via E-File, IEFS, on **December 15, 2022.**

Respectfully submitted,

*[signature: Andrew U. D. Straw]*

s/ Andrew U. D. Straw

712 H ST NE, PMB 92403
Washington, DC 20002
(847) 807-5237

andrew@andrewstraw.com