Received: 12/16/2022 4:23 PM

EX 54

IN THE
# Indiana Supreme Court

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | Cause No. 98S00-1601-DI-12 |
| ANDREW U. D. STRAW ) | In Re Straw, 68 N.E.3d 1070 (Ind. 2/14/2017) |
| Attorney Number **23378-53** ) | |

### ORDER

The Court, having considered the matter in the premises, makes the following findings and ORDERS:

- The Verified Complaint was filed 16 months after the disciplinary complaint by an officer of this Court, the ADA coordinator. That Verified Complaint was filed 5 days over the 12 month time limit because the IADC Executive Director sent his demand for response to the disciplinary complaint on **1/5/2015**.

- It is indisputable that the Verified Complaint was filed outside of the time limits in Rule 23, Sec. 10(h). That limit was **1/5/2016**.

- It is a matter of law that the **1/11/2016** Verified Complaint was impermissible because no extension of time was asked or granted. There is no evidence the respondent caused any delay during that 12 month period.

- Further, the disciplinary complaint was filed to attack the **merits reasoning** in 4 federal cases while those 4 cases were **either still open or on appeal**.

- This Court may not interfere or meddle in any federal case or lawsuit wherein no sanction was imposed, and none was imposed here.

- Respondent is correct that such interference in a *pro se* case violates federal criminal law. 18 U.S.C. § 245(b)(1)(B). Interference in a case where he was the attorney violates that law and another. 18 U.S.C. § 1503(a), **"Obstruction."**

- This discipline was void *ab initio*, as Respondent has kept saying for various reasons. Rule 23, Sec. 10(h) is enough reason to find this suspension never existed and **the process from the Verified Complaint forward was void**.

- **The suspension is void.** The Roll of Attorneys should now indicate that no suspension has ever been imposed on the *respondent*, Andrew U. D. Straw. His law license, # 23378-53, has been active in good standing throughout the entire time of this suspension as a matter of law, starting with 2/14/2017 and

including every day since then.

- The Indiana Attorney General shall pay the law license property takings in Straw's case, $5,000,000, with that remedy under the Bill of Rights, Article 21. *Straw v. Indiana*, 53C01-2110-PL-2081 (Monroe Cty. Cir. Ct. #1)

- This Court denounces the very idea of any state court imposing any sanction based on a federal case with no sanction apparent and not even final, with the matter open or on appeal when the disciplinary complaint was made. This Court knows that it has limits and interfering in federal courts is one of those limits. The converse is also true and why *Rooker-Feldman* doctrine limits federal courts.

- This Court does not sanction anyone simply sending up a "trial balloon" disciplinary complaint in order to try to influence a federal court to rule against a party before it. Brenda F. Rodeheffer did precisely this, labeling *respondent* incompetent and then attacking his 4 open or on appeal federal matters. She even contacted a party in one of those matters and revealed her disciplinary complaint outside the Indiana Supreme Court, where she worked as the ADA coordinator. This shall not happen again.

- Rule 3.1 will never be used to impose a sanction where there was no sanction. The only sanctions based on a federal court's proceedings from this point forward will be reciprocal and only after a **separate Rule 11 sanction order** by the federal judge is applied, and the reciprocal sanction shall not be greater than that imposed by the original court.

- This suspension has resulted in nearly 6 years of suspension when respondent did not even receive a separate order for a **reprimand** from the 4 federal judges. There was no Rule 11 sanction and we puffed this up by attacking the merits into years of suspension by ignoring respondent's many valid pleadings demanding this to end.

- This is another reason why this matter was void *ab initio* and it would be crime to allow it to continue. There was no reciprocal sanction and certainly no reciprocal suspension because there simply was **NO SANCTION** in the 4 federal cases upon which this Court focused to impose sanctions.

- This Court erred, further, by refusing to consider the total exoneration of *respondent* by the Virginia State Bar in 2017 while this case was being considered for certiorari by the U.S. Supreme Court. This Court refused to apply that Virginia State Bar ORDER when it was first in time final and federal law requires it to be considered the *res judicata* here. 28 U.S.C. § 1738.

- The underlying current causing this array of due process violations and criminal acts is the animus toward *respondent* as a disabled attorney who became disabled because of the U.S. Marine Corps poisoning him at birth at Camp LeJeune (causing him mental disabilities). Public Law 117-168, SEC. 804. Further, a reckless driver broke his legs and pelvis as he drove to the Indiana Supreme Court to work, where he served every court in the State of Indiana. Therefore, this Court's rules committees shall initiate the needed steps to abolish the disabled attorney ban located at Ind. Adm. & Disc. Rule 23, Sections 2(c) & 3(b). This shall be done immediately.

- Further, the Race and Gender diversity effort by this Court shall immediately include disability and become a Diversity Committee.

- Because this matter has plagued the *respondent* for over 8 years, clearly causing him much distress and poverty, he shall be immune from disciplinary actions in Indiana permanently unless he commits a felony crime and is convicted of that crime. This is justified because his right to use the federal courts is protected under the First Amendment and that right has been trampled here repeatedly since the retaliation against his petition in August 2014. Domanus v. Locke Lord LLP, 847 F.3d 469, 483 (7th Cir. 2017) ("Whether the branch of government is the legislature, the executive, **or the courts**, **the right to present one's viewpoint is protected by the First Amendment**.").

Date:

                                      It is so ORDERED.
                                      Per Curiam.

I, Andrew U. D. Straw, verify that the above statements and conclusions and exhibits are made in good faith, are true and correct under penalty of perjury, and I arrived at them after inquiries reasonable under the circumstances.  **December 16, 2022**

Respectfully,

*/s/ Andrew U. D. Straw*

s/ Andrew U. D. Straw

712 H ST NE, PMB 92403
Washington, DC 20002
(847) 807-5237

andrew@andrewstraw.com


## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I have submitted the above **PROPOSED ORDER** to the Clerk of the Supreme Court of Indiana via E-File, IEFS, on **December 16, 2022.** IEFS also will serve the Executive Director of IADC, Adrienne Meiring, via IEFS at Adrienne.Meiring@courts.in.gov as well as Angie Ordway, Angie.Ordway@courts.in.gov

Respectfully submitted,

*/s/ Andrew U. D. Straw*

s/ Andrew U. D. Straw

712 H ST NE, PMB 92403
Washington, DC 20002
(847) 807-5237

andrew@andrewstraw.com