UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW U.D. STRAW,<br><br>    Plaintiff,<br><br>    v.<br><br>LINKEDIN CORP., et al.<br><br>    Defendants. | Case No. 22-cv-07718-VKD<br><br>**SCREENING ORDER RE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 22 |

On December 7, 2022, plaintiff Andrew U.D. Straw, filed an "Employment Discrimination Complaint" against LinkedIn Corporation ("LinkedIn"), alleging that LinkedIn unlawfully closed his "longstanding LinkedIn.com account for having complained about the discrimination of [his] former employer, the Indiana Supreme Court." Dkt. No. 1 at 1. The complaint indicates that Mr. Straw is a lawyer. He is representing himself in this matter.

Mr. Straw was given leave to proceed in forma pauperis ("IFP"), and service of process on LinkedIn was completed by the United States Marshals Service ("USMS"). *See* Dkt. Nos. 2, 5, 13. Mr. Straw then filed a "Notice Per 28 U.S.C. § 1446," stating that he "wish[es] to remove two cases from Indiana state courts to this court"—namely "*In re Straw*, 98S01-1601-DI-12, 68 N.E.3d 1070 (Ind. 2/14/2017)" and "*Straw v. Indiana*, 53C06-2110-PL-2081 (Monroe Cty Cir. Ct. #6)." Dkt. No. 14 at 1 & ¶¶ 20, 21. After LinkedIn moved to dismiss Mr. Straw's complaint (Dkt. No. 15), Mr. Straw timely filed an amended complaint, as of right. *See* Dkt. No. 22; *see also* Fed. R. Civ. P. 15(a).[1] The amended complaint names two additional defendants—the State of Indiana

---

[1] Several previously pending motions were mooted by Mr. Straw's filing of an amended complaint. *See* Dkt. Nos. 36, 39.

and G. Michael Witte—by virtue of the purported removal of the two Indiana state court cases to this Court. *See* Dkt. No. 22 ¶¶ 14-16, 20, 22, 149, 152; *see also* Dkt. Nos. 22-52 & 22-55. Noting that he has been granted IFP status, Mr. Straw has now filed a "Motion for Service of Defendants Per 28 U.S.C. § 1446," in which he requests an order directing the Clerk of Court to issue summons as to the State of Indiana and Mr. Witte and directing USMS to effect service of process on them. Dkt. No. 41.

"A federal court must conduct a preliminary screening of any complaint filed by an individual proceeding *in forma pauperis*." *Castro v. Pascual*, No. 20-cv-01090-BLF, 2020 WL 733127, at *1 (N.D. Cal. Feb. 13, 2020) (citing 28 U.S.C. § 1915(e)(2)(B)). "The screening requirement applies to both prisoners and non-prisoners." *Id.*; *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "The court's screening obligation extends beyond the original complaint, as the court 'shall dismiss the case at any time' if it determines that the plaintiff's pleading is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Castro*, 2020 WL 733127 at *1; *see also* 28 U.S.C. § 1915(e)(2).

As noted above, Mr. Straw seeks to proceed with his amended complaint in this Court against the State of Indiana and Mr. Witte, through the purported removal of two Indiana state court cases. *See* Dkt. No. 22 ¶¶ 14-16, 20, 22, 149, 152; *see also* Dkt. Nos. 22-52 & 22-55. Mr. Straw's attempt to remove the two Indiana state court cases to this Court by means of a notice or motion in this Court is improper. "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States *for the district and division within which such action is pending* a notice of removal . . . ." 28 U.S.C. § 1446(a) (emphasis added). Mr. Straw asserts that he is banned from filing any documents in the U.S. District Court for the Southern District of Indiana, which this Court assumes is the Indiana federal district where the two state cases are pending. *See* Dkt. No. 14 ¶ 23; Dkt. No. 22-56. However, Mr. Straw offers no authority for removing the Indiana state cases to this Court, nor does any basis for removal appear in Mr. Straw's notice of removal or his pleadings. *See* Dkt. Nos. 1, 14, 22. Indeed, courts

in this district have found that even California state cases from outside this district cannot properly be removed here. *See, e.g. Fed. Nat'l Mortg. Ass'n v. Luna*, No. C-12-6432-EMC, 2013 WL 450843, at *1 n.1 (N.D. Cal. Feb. 5, 2013) (noting that case from San Joaquin Superior Court in Eastern District of California could not properly be removed to Northern District of California).

It is not clear whether Mr. Straw can state any claim against the State of Indiana or against Mr. Witte as to which this Court may properly exercise jurisdiction and as to which venue is also proper. Mr. Straw may file a second amended complaint addressing the deficiencies identified in this order by **February 16, 2023**.[2] If Mr. Straw fails to file a second amended complaint by that date, or if the second amended complaint fails to cure the defects identified with respect to claims asserted against the State of Indiana or Mr. Witte, the Court will issue an order reassigning the case to a district judge with a recommendation that any claims asserted against the State of Indiana or Mr. Witte be dismissed and that his "Motion for Service of Defendants Per 28 U.S.C. § 1446" be denied.[3]

**IT IS SO ORDERED.**

Dated: February 6, 2023

*[signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] This Court expresses no opinion as to the merits of LinkedIn's pending motion to dismiss Mr. Straw's amended complaint, which has not yet been fully briefed. *See* Dkt. No. 31.

[3] All named parties, whether served or unserved, must consent to magistrate judge jurisdiction before a magistrate judge may hear and decide a case. 28 U.S.C. § 636(c)(1); *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Because the Court does not have the consent of all parties to magistrate judge jurisdiction, the Court may not issue a dispositive decision with respect Mr. Straw's claims against unserved defendants the State of Indiana and Mr. Witte.