UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW U.D. STRAW,<br><br>Plaintiff,<br><br>v.<br><br>LINKEDIN CORP., et al.<br><br>Defendants. | Case No. 22-cv-07718-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE SECOND AMENDED COMPLAINT AND MOTION FOR SERVICE**<br><br>Re: Dkt. No. 41, 43, 44 |

On December 7, 2022, plaintiff Andrew U.D. Straw, filed an "Employment Discrimination Complaint" against LinkedIn Corporation ("LinkedIn"), alleging that LinkedIn unlawfully closed his "longstanding LinkedIn.com account for having complained about the discrimination of [his] former employer, the Indiana Supreme Court." Dkt. No. 1 at 1. The complaint indicates that Mr. Straw is a lawyer. He is representing himself in this matter.

Mr. Straw was given leave to proceed in forma pauperis ("IFP"), and service of process on LinkedIn was completed by the United States Marshals Service ("USMS"). *See* Dkt. Nos. 2, 5, 13. Mr. Straw then filed a "Notice Per 28 U.S.C. § 1446," stating that he "wish[es] to remove two cases from Indiana state courts to this court"—namely "*In re Straw*, 98S01-1601-DI-12, 68 N.E.3d 1070 (Ind. 2/14/2017)" and "*Straw v. Indiana*, 53C06-2110-PL-2081 (Monroe Cty Cir. Ct. #6)." Dkt. No. 14 at 1 & ¶¶ 19-21. Both cases appear to arise out of proceedings in which Mr. Straw's law licenses were suspended by the State of Indiana. *See, e.g.,* Dkt. No. 22 ¶ 11.

After LinkedIn moved to dismiss Mr. Straw's complaint (Dkt. No. 15), Mr. Straw timely

United States District Court
Northern District of California

filed an amended complaint, as of right. *See* Dkt. No. 22; *see also* Fed. R. Civ. P. 15(a).[1] The amended complaint named two additional defendants—the State of Indiana and G. Michael Witte—by virtue of the purported removal of the two Indiana state court cases to this Court. *See* Dkt. No. 22 ¶¶ 14-16, 20, 22, 149, 152; *see also* Dkt. Nos. 22-52 & 22-55. That amended pleading asserted claims against the State of Indiana for violation of the First Amendment, and against the State of Indiana and Mr. Witte for violation of the Fifth and Fourteenth Amendments and for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* Dkt. No. 22 ¶¶ 110-140. Noting that he has been granted IFP status, Mr. Straw filed a "Motion for Service of Defendants Per 28 U.S.C. § 1446," in which he requested an order directing the Clerk of Court to issue summons as to the State of Indiana and Mr. Witte and directing USMS to effect service of process on them. Dkt. No. 41.

On February 6, 2023, this Court issued an order screening Mr. Straw's amended complaint and finding that "Mr. Straw's attempt to remove the two Indiana state court cases to this Court by means of a notice or motion in this Court is improper." Dkt. No. 42 at 2 (citing 28 U.S.C. § 1446(a)). The Court further noted that "[i]t is not clear whether Mr. Straw can state any claim against the State of Indiana or against Mr. Witte as to which this Court may properly exercise jurisdiction and as to which venue is also proper." *Id.* at 3. Mr. Straw was given leave to file a second amended complaint addressing the identified deficiencies. *Id.*

On February 6, 2023, Mr. Straw filed a document that he "intends to be [his] second amended complaint ["SAC"]." Dkt. No. 43 at 1.[2]

"A federal court must conduct a preliminary screening of any complaint filed by an

---

[1] Several previously pending motions were mooted by Mr. Straw's filing of an amended complaint. *See* Dkt. Nos. 36, 39.

[2] Mr. Straw's SAC purports to "incorporate by reference every paragraph and page of Dkt. 22 [his prior amended complaint] plus all the exhibits from Dkt. 22-1 through Dkt. 22-58." Dkt. No. 43 ¶ 1. The SAC violates Civil Local Rule 10-1, which requires an amended pleading to be complete in itself. *See* Civil L.R. 10-1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."). Additionally, on the same day the SAC was filed, Mr. Straw filed an unauthorized "Memorandum of Law re Civil RICO & State & Federal Entities." Dkt. No. 44. This Court nonetheless has reviewed Mr. Straw's SAC in conjunction with his prior amended complaint, as well as the unauthorized memorandum.

2

1  individual proceeding in forma pauperis." *Castro v. Pascual*, No. 20-cv-01090-BLF, 2020 WL
2  733127, at *1 (N.D. Cal. Feb. 13, 2020) (citing 28 U.S.C. § 1915(e)(2)(B)). "The screening
3  requirement applies to both prisoners and non-prisoners." *Id*.; *see also Calhoun v. Stahl*, 254 F.3d
4  845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to
5  prisoners."). "The court's screening obligation extends beyond the original complaint, as the court
6  'shall dismiss the case at any time' if it determines that the plaintiff's pleading is frivolous or
7  malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a
8  defendant who is immune from such relief." *Castro*, 2020 WL 733127 at *1; *see also* 28 U.S.C.
9  § 1915(e)(2).

10  The SAC, like the prior amended complaint, indicates that Mr. Straw seeks to add the State
11  of Indiana and Mr. Witte as defendants in this Court, through the purported removal of two
12  Indiana state court cases. *See* Dkt. No. 43 ¶¶ 2, 5, 34, 35, 48, 49; *see also* Dkt. No. 22 ¶¶ 14-16,
13  20, 22, 149, 152; Dkt. Nos. 22-52 & 22-55. As noted in the Court's February 6 screening order,
14  however, "[a] defendant or defendants desiring to remove any civil action from a State court shall
15  file in the district court of the United States *for the district and division within which such action*
16  *is pending a notice of removal . . . .*" 28 U.S.C. § 1446(a) (emphasis added). Mr. Straw argues that
17  it is impossible for him to remove the Indiana state court cases to the proper federal district court
18  in Indiana because he is banned from filing documents in any court in the Seventh Circuit. *See*
19  Dkt. No. 43 ¶¶ 11, 12, 34. Although he contends that such circumstances make "anywhere outside
20  the 7th Circuit a more appropriate district" for removal under 28 U.S.C. § 1446(a), he cites no
21  authority for that proposition, and seems to acknowledge that he has none. *See id*. ¶¶ 34, 35. The
22  SAC does not provide any basis for removal jurisdiction over the two Indiana state court cases.

23  Mr. Straw nonetheless argues that there is no need to decide whether the State of Indiana
24  and Mr. Witte may be added as defendants through the removal of the Indiana state court cases.
25  He contends that the State of Indiana and Mr. Witte are proper defendants on his RICO claim, and
26  argues that RICO provides for venue in this district under1 8 U.S.C. § 1965(b) ("In any action
27  under section 1964 of this chapter in any district court of the United States in which it is shown
28  that the ends of justice require that other parties residing in any other district be brought before the

3

court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof."). Mr. Straw therefore contends that "[a]sking [for] [the Indiana state court] cases to be removed to this litigation is no different from simply adding another defendant as part of a conspiracy across state lines that affected interstate commerce." *See* Dkt. No. 43 ¶¶ 22, 55.

While he contends that the underlying proceedings concerning the suspension of his law licenses are "examples of Civil RICO violations robbing me of property, 18 U.S.C. § 1951, which use the state and federal courts as their enterprise" (*see id*. ¶ 56), Mr. Straw fails to state facts supporting a plausible RICO claim. The RICO statute prohibits four kinds of activities: (1) investing in, (2) acquiring or maintaining an interest in, or (3) conducting or participating in an enterprise using income derived from a pattern of racketeering activity or collection of an unlawful debt; and (4) and conspiring to violate any of the first three prohibitions. 18 U.S.C. § 1962(a)-(d); *RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325, 330 (2016). The statute defines "racketeering activity" to include numerous specific state and federal offenses. 18 U.S.C. § 1961. "A predicate offense implicates RICO when it is part of a 'pattern of racketeering activity'—a series of related predicates that together demonstrate the existence or threat of continued criminal activity. *RJR Nabisco,* 579 U.S. at 330. While the RICO statute is liberally construed, "it is well-established that not all injuries are compensable under this section," and that the statute is "intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. Univ. Students Coop. Ass'n*, 965 F.2d 783, 785, 786 (9th Cir. 1992), *abrogated on other grounds by Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005).

Mr. Straw's pleadings do not plead facts supporting a plausible claim based on any of the four types of activities prohibited under RICO. Rather, the pleadings indicate that Mr. Straw is using the RICO statute as an end-run around the removal statute in order to litigate his dissatisfaction with rulings in the two Indiana state court cases, including through claims based on his alleged constitutional injuries, and to have this Court exercise jurisdiction over those Indiana state court matters. Mr. Straw states that "the Indiana disciplinary case and the property takings case are removed primarily *so the denials of those reliefs can be considered as criminal acts and*

4

*part of the conspiracy.*" Dkt. No. 43 ¶ 55 (emphasis added). Among the relief sought in his prior amended complaint is a request for a judicial declaration by this Court "that [his] 5 law licenses were never suspended **as a matter of law and due process** for the reasons provided in **Exhibit 51**, supported by the other 57 exhibits." Dkt. No. 22 ¶ 144. The referenced "Exhibit 51" is an "Amended Complaint" Mr. Straw apparently filed in an action in a court in Monroe County, Indiana. *See* Dkt. No. 22-51. Additionally, Mr. Straw requests "an injunction to Indiana not to ever suspend [him] again unless [he] commit[s] and [is] convicted of a felony crime," noting that "[t]he injunction should state that [he is] immune from any other interference by Indiana and its state supreme court with [his] use of the courts." *Id.* ¶ 145. However, Mr. Straw has alleged no facts nor cited any authority that this Court properly may order the State of Indiana or Mr. Witte to do anything. *See, e.g., Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1996) (district court lacked jurisdiction to entertain a suit by a disbarred attorney to set aside the disbarment); *Dees v. Cal. State Univ.*, 33 F. Supp. 2d 1190, 1203 (N.D. Cal. 1998) (plaintiff's dissatisfaction with the manner in which his employment discrimination claims were investigated "do not rise to a RICO cause of action.").

Accordingly, this Court finds that Mr. Straw cannot properly add the State of Indiana or Mr. Witte to this proceedings through the purported removal of the two Indiana state court cases, that he otherwise fails to state a claim for relief against the State of Indiana or Mr. Witte, and that the deficiencies identified in this report do not appear to be matters that can be corrected in an amended pleading.[3]

All named parties must consent to magistrate judge jurisdiction before a magistrate judge may hear and decide a case. 28 U.S.C. § 636(c)(1); *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Because the Court does not have the consent of all parties to magistrate judge jurisdiction, and because the resolution of Mr. Straw's pending motion for service appears to require a dispositive ruling as to his SAC against the State of Indiana and Mr. Witte, the Clerk of Court shall reassign this action to a district judge, with the following report and recommendation that

---

[3] This Court expresses no opinion in this report and recommendation as to the merits of LinkedIn's pending motion to dismiss Mr. Straw's prior amended complaint (Dkt. No. 31).

Mr. Straw's "Motion for Service of Defendants Per 28 U.S.C. § 1446" be denied and that the State of Indiana and Mr. Witte be dismissed from this action, without leave to amend. In the event Mr. Straw elects to voluntarily drop the State of Indiana and Mr. Witte from these proceedings, or they are otherwise dismissed from this action, this case may be reassigned back to the undersigned magistrate judge, as Mr. Straw and LinkedIn have consented to magistrate judge jurisdiction. *See* Dkt. Nos. 8, 27.

Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: February 22, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge